[No. 14964. Department One. January 9, 1919.]

## R. F. GOLAY, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

RAILROADS (66, 67)—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEG-LIGENCE—DUTY—OBSTRUCTED VIEW. Plaintiff was guilty of contributory negligence as a matter of law, in driving his automobile upon a railroad crossing, on the theory that a person taking no precautions is not entitled to any presumption that a train was not exceeding the speed limit, where he was familiar with the situation and train schedule, and only listened momentarily before nearing the crossing, his vision on approaching was obstructed by a freight car on a side track, and he drove in low gear past the obstruction without looking until upon the track, when others in no better position by looking saw the train (MAIN, C. J., and MITCHELL, J., dissenting).

Appeal from a judgment of the superior court for Pierce county, Card, J., entered May 21, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Reversed.

*Geo. T. Reid, J. W. Quick,* and *L. B. da Ponte,* for appellant.

*Govnor Teats, Leo Teats,* and *Ralph Teats,* for respondent.

MACKINTOSH, J.—For three weeks prior to the incident which gave rise to this action, the respondent had been operating a garage in the town of Roy, situated about one hundred feet west of the track of the appellant company and nearly opposite the only railroad crossing in the town. Between the main track and the respondent's place of business there was a side track on which it was customary for freight trains to stand awaiting the passing of the appellant's southbound passenger train, which was due to arrive in

[1]Reported in 177 Pac. 804; 181 Pac. 700.

Roy at about 10:20 a. m. The respondent had been busy on the morning of March 27, 1917, about his garage and had heard a freight train switching, but did not know whether the passenger train had arrived, although he was familiar with that train's schedule and with the fact that freight trains took the siding for the purpose already referred to. The respondent backed out of the garage in an automobile in which he was about to take a passenger to some place in the country, and as the machine reached the street and was being turned around, respondent says he listened for the passenger train, but did not hear it. The testimony of several witnesses is that the train had been ringing its bell for a considerable distance and had blown the whistle for the crossing, but in view of the fact that the respondent and some of his witnesses testified that they heard no bell or whistle, we assume, for the purposes of this action, that no bell was rung nor whistle blown. He then proceeded from the garage to the crossing with his machine in low gear, going at the rate of four miles per hour. As he approached the crossing, the freight train standing on the side track obstructed his view of the main track, because of the fact that the rear car of the freight train was situated some fifty to seventy-five feet beyond the crossing. He made no effort to look for an approaching train, however, until the front wheels of his automobile were upon the first rail of the main track, although before that time the rear freight car had ceased to be an entire obstruction to a view of the main track for some distance. When he did look he saw the oncoming passenger train within a short distance, and attempted to cross the track ahead of it, but was unsuccessful, and for the damages which occurred to his person and to his automobile he brought this

action, which resulted in a verdict in his favor in the trial court. While the respondent was some distance from the railroad tracks, witnesses, who were in close proximity to his machine at the time, and who were in no more advantageous position so far as observing the approach of a train was concerned than was the respondent, heard and saw the train approaching by observing the smoke stack above the freight cars, and called to the respondent, recognizing the perilous position in which he was about to place himself, and warned him of the approach of the train, but these warnings were not heard by him, and he proceeded as we have indicated. The train was being operated at a speed greatly in excess of the speed provided for in the ordinance of the town of Roy when it struck the respondent.

Under these facts, the appellant asserts that the respondent was guilty of contributory negligence, as a matter of law, while the respondent contends that a question of fact for the jury was presented, and that the respondent was entitled to the benefit of that rule of law which provides that a person in approaching a railroad track has a right to assume that the railroad company will not operate its trains in excess of the limits prescribed in statute or ordinance.

In determining the question presented in this case, we have to take into consideration two lines of authority, each of which is represented by several cases decided by this court. The first line establishes the doctrine that a pedestrian or driver of any vehicle cannot recover for injuries occasioned by a car or train when the evidence discloses that he approached the track where he could have, had he looked in that direction, observed an approaching car or train, but did not look and proceeded into the zone of danger with-

out taking any reasonable precaution to avoid the collision, and that he would be guilty of contributory negligence, as a matter of law, notwithstanding the negligence on the part of the railroad company in operating trains at an unlawful rate. This line of decisions is represented by the following cases: *Woolf v. Washington R. & Nav. Co.,* 37 Wash. 491, 79 Pac. 997; *Mey v. Seattle Elec. Co.,* 47 Wash. 497, 92 Pac. 283; *Dimuria v. Seattle Transfer Co.,* 50 Wash. 633, 97 Pac. 657, 22 L. R. A. (N. S.) 471; *Helliesen v. Seattle Elec. Co.,* 56 Wash. 278, 105 Pac. 458; *Fluhart v. Seattle Elec. Co.,* 65 Wash. 291, 118 Pac. 51; *Slipper v. Seattle Elec. Co.,* 71 Wash. 279, 128 Pac. 233; *Stueding v. Seattle Elec. Co.,* 71 Wash. 476, 128 Pac. 1058; *Bardshar v. Seattle Elec. Co.,* 72 Wash. 200, 130 Pac. 101; *Aldredge v. Oregon-Washington R. & Nav. Co.,* 79 Wash. 349, 140 Pac. 550.

The second line represents those cases where the pedestrian or driver of a vehicle has approached the railroad track and has exercised some degree of care and caution in attempting to apprise himself of the approach of a car or train, and in those cases it has been held that, when he has looked or listened and has not seen nor heard the car or train approaching, or when he has looked and has seen the car or train approaching and has not been able, by reasonable care, to determine the speed of its approach, he has the right then to assume that the railroad company will not place a car or train within striking distance of him by operating such car or train at an unlawful rate of speed. There is then presented a question of fact for the jury to determine whether he has exercised a reasonable degree of care and caution for the purpose of his self-protection. This line of decisions is represented by the following cases: *Averbuch v.*

*Great Northern R. Co.*, 55 Wash. 633, 104 Pac. 1103;
*Richmond v. Tacoma R. & Power Co.*, 67 Wash. 444,
122 Pac. 351; *Merwin v. Northern Pac. R. Co.*, 68 Wash.
617, 123 Pac. 1019.

The distinction between these two lines of cases
consists in this: That in the one the pedestrian or
driver of a vehicle has taken no precaution to protect
himself, and is, therefore, not entitled to any pre-
sumption that the railroad company is operating its
car or train within the legal speed limit, and is, as a
matter of law, guilty of contributory negligence, his
action being such that reasonable men cannot hon-
estly differ as to its being negligent. In the other,
the pedestrian or driver of a vehicle has taken some
precaution for his own protection, and having at-
tempted to see or hear, and not having seen nor heard,
or having attempted to see, and having seen, a car or
train approaching has been unable, though using rea-
sonable care, to gauge its speed, has, in either event,
the right to assume that the railroad company will
not operate the train unlawfully. In all those cases
it is for the jury to say whether he has exercised such
a degree of care as a reasonable man would under the
same circumstances, and to determine whether the
negligence of the railroad company, or his own neg-
ligence, if it existed, was the proximate cause of the
injury.

In the case at bar, the standard of conduct for a
person in the respondent's position is so obvious that
it applies to all persons, and the respondent has
clearly failed to measure up to that standard under
the evidence in the case, and he was not entitled to
have his case go to a jury. He was familiar with the
situation, knew that the passenger train was due
about that time, knew that the freight train standing

on the side track was awaiting the passing of a passenger train; yet all he did was to listen momentarily as he backed out of his garage, although, as he testified, he had not heard the passenger train and did not know whether it had passed or not, because of the fact that the engine from the freight train was blowing off steam and making considerable noise. He then proceeded without looking, and the evidence shows that others in no better position, by looking, saw the train. He drove past the obstruction to his vision furnished by the standing freight train, across the intervening space of a few feet between the side track and the main track, and drove on the main track before he looked. He listened where it was difficult to hear, and did not look where he could first have seen.

Reasonable men cannot honestly differ in the conclusion that such conduct was negligent and the proximate cause of his injury, and therefore, as a matter of law, he was guilty of contributory negligence. The appellant is entitled to a judgment relieving it of any responsibility, and the action of the lower court is reversed and the cause dismissed.

CHADWICK and TOLMAN, JJ., concur.

MAIN, C. J. (dissenting)—I am unable to see any substantial distinction between this case and the case of *Brandt v. Northern Pac. R. Co., post* p. 138, 177 Pac. 806, 181 Pac. 682. If the question of contributory negligence in that case was one of fact for the jury, it must necessarily follow that the question of contributory negligence in this case is likewise for the jury; in principle, the cases are the same. I therefore dissent.

MITCHELL, J., concurs with MAIN, C. J.

ON REHEARING.

[*En Banc.*  May 31, 1919.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court still adhere to the opinion heretofore filed herein, and for the reasons there stated, the judgment is reversed.