(June 20, 1919.)

## J. A. THORNTON, Respondent, v. J. A. HAMILTON and E. L. VOWELS, Copartners Doing Business Under the Firm Name and Style of HAMILTON & VOWELS, Appellants.

[181 Pac. 700.]

LEASE OF PERSONAL PROPERTY—INSURANCE BY LESSEE—WARRANTY—EVIDENCE.

1.  A provision in a contract of lease of personal property held to constitute the lessees insurers of horses therein described while in their possession.

2.  Evidence found to be insufficient to establish a breach of the implied warranty that one of the horses leased was, at the time he was delivered to the lessees, reasonably fit and suitable for the work he was hired to perform.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action on contract. Judgment for plaintiff. *Affirmed.*

McFarland & McFarland, for Appellants.

Where horses are hired, the bailee must use ordinary care, and if any of the animals die without his fault, the bailor must stand the loss. (1 R. C. L. 1076, par. 18.)

Every contract of letting impliedly warrants that the animals are reasonably fit and suitable for the work which they are hired to perform, if the same be known to the bailor. (2 Cyc. 311; *Bass v. Cantor,* 123 Ind. 444, 24 N. E. 147; *Leach v. French,* 69 Me. 389, 31 Am. Rep. 296; *Conn v. Hunsberger.* 224 Pa. St. 154, 132 Am. St. 770, 16 Ann. Cas. 504, 73 Atl. 324, 25 L. R. A., N. S., 372; 3 C. J. 25, sec. 39.)

Ezra R. Whitla, for Respondent.

Such a contract as the one in question, in the absence of fraud, constitutes the lessee an insurer and subjects him to all of the liability therefor; and where the parties by explicit

contract undertake to do certain things, the contract controls and the implied obligations of the law are excluded. (5 Cyc. 174; 6 C. J. 1110.)

"A bailee may enlarge his legal responsibility by contract express or fairly implied. Thus, by special contract, a bailee may assume the liability of an insurer." (6 C. J. 1111, par. 43; *Butler v. Green,* 49 Neb. 280, 68 N. W. 496.)

Upon becoming insurer the bailee becomes liable in any event. (*Wilmington Transportation Co. v. O'Neil,* 98 Cal. 1, 32 Pac. 705; *Union Stock Yards & Transit Co. v. Western Land & C. Co.,* 59 Fed. 49, 7 C. C. A. 660; *Sturm v. Boker,* 150 U. S. 312, 14 Sup. Ct. 99, 37 L. ed. 1093, see, also, Rose's U. S. Notes; *Direct Nav. Co. v. Davidson,* 32 Tex. Civ. 492, 74 S. W. 790; *Fairmont Coal Co. v. Jones & Adams Co.,* 134 Fed. 711, 67 C. C. A. 265; *Rapid Safety Fire Extinguisher Co. v. Hay-Budden Mfg. Co.,* 37 Misc. Rep. 556, 75 N. Y. Supp. 1008.)

"Where the party by his own contract creates a duty or charge upon himself, he is bound to make it good, notwithstanding any accident or delay by inevitable necessity, because he might have provided against it by contract." (*Harmony v. Bingham,* 12 N. Y. 99, 62 Am. Dec. 142; *Peper v. St. Louis Brass Mfg. Co.,* 146 Mo. App. 187, 123 S. W. 1012; *Drake v. White,* 117 Mass. 10; *Archer v. Walker,* 38 Ind. 472; *Reinstein v. Watts,* 84 Me. 139, 24 Atl. 719; *Grady v. Schweinler,* 16 N. D. 452, 125 Am. St. 674, 15 Ann. Cas. 161, 113 N. W. 1031, 14 L. R. A., N. S., 1089.)

MORGAN, C. J.—Respondent and appellants entered into a contract whereby the former leased to the latter certain personal property including six head of horses among which was a black gelding of the agreed value of $325. The contract contained the following provision: "If any of said horses shall die or be injured so that it becomes necessary to kill the same while in the possession of said lessee, the lessee will pay to the lessor the full value thereof as specified above."

It appears that the property was sent by respondent, in charge of James Long, from Coeur d'Alene to appellants'

logging camp at Hauser Lake; that the horse in question was sick a part of the time while making the trip; that Long took with him the contract of lease, which had been signed by respondent, and that he delivered the property to appellants and procured the contract to be executed by them, it being signed with the partnership name by Mr. Hamilton. The delivery of the property took place on Wednesday evening, and the horse died on Monday following. This action was commenced to recover his value as fixed by the contract.

The trial resulted in a verdict for plaintiff which was rendered pursuant to an instruction to the effect that the defense was insufficient. Judgment was entered accordingly from which this appeal was taken.

The contract contains a provision that the lessees will, at the expiration or termination of the lease, "restore the said personal property to the said lessor in like good condition in which it now is, wear and diminution resulting from reasonable use thereof excepted." Appellants contend that the two provisions of the contract above quoted are inconsistent; that the intention of the parties cannot be clearly ascertained therefrom and, therefore, parol testimony is admissible to show what their intention was, and that the court erred in rejecting evidence offered for that purpose. The provisions of the contract are not inconsistent, and the intention of the parties that appellants should be insurers of the horses while in their possession is entirely clear from the language employed.

Appellants assign as error the action of the court rejecting a letter offered in evidence, which was delivered to them at the time they received the property. It is as follows:

"Coeur d'Alene, Idaho, July 25th, 1917.
"Hamilton & Vowels,
     "Hauser Lake.
"Mr. Hamilton,
     "Dear Sir: Enclosed find two forms of Lease of Personal Property which you will sign one and give to our man so that he can mail to me.

"This will introduce Mr. Jas. Long who has been with me for the past ten years and you will find him strictly reliable. He will do the feeding of my horses just as we talked.

"Very truly yours,
"J. A. THORNTON."

It is insisted that this letter, being a writing signed by respondent subsequent to the time he signed the lease, is admissible to modify its terms. The letter does not tend to prove a modification of the contract and its rejection was not error.

Counsel for appellants insist that their clients' liability is a question for the jury for the reason that the contract "impliedly warrants that the animals are reasonably fit and suitable for the work which they are hired to perform"; that the sickness of the horse in question on the way from Coeur d'Alene to the logging camp was known to Long, who was respondent's agent, and that his knowledge amounted to notice to his principal.

Conceding there was an implied warranty that the horse, at the time he was delivered to appellants, was reasonably fit and suitable for the work which he was hired to perform, there was a failure to establish a breach of the warranty. No evidence was offered tending to show that the horse was not, in all respects, fit and suitable for such work, and there is nothing in the record to have justified the jury in finding, had the question been submitted to it, that he died from the disorder from which he suffered on the way from Coeur d'Alene to the logging camp. On the other hand, it was established that, following his delivery to appellants on Wednesday evening, he worked at skidding and hauling logs on Thursday, Friday and Saturday, during which time, and until he took sick on Sunday evening, preceding his death on Monday morning, he ate and drank regularly.

The judgment appealed from is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.