[No. 17703.  Department One.  May 9, 1923.]

WILLIAM M. DEE, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*.[1]

RAILROADS (66)—ACCIDENT AT CROSSING—CONTRIBUTORY NEGLIGENCE—DUTY TO STOP, LOOK AND LISTEN. The driver of an automobile, struck at a railroad crossing, is guilty of contributory negligence, precluding a recovery, where, for a quarter of a mile, any approaching train was in full view, until he was within seventy-five or one hundred feet, and plaintiff's claim that he continued to look and saw no train could not have been true, notwithstanding he stopped ten feet from the track and looked when his view was obstructed.

Appeal from a judgment of the superior court for Spokane county, Truax, J., entered June 5, 1922, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action in tort. Affirmed.

[1]Reported in 215 Pac. 11.

*E. R. Lindsley* and *John M. Gleeson,* for appellant.
*Cannon & McKevitt,* for respondent.

BRIDGES, J.—This is a personal injury case.

Out in the country, west of Spokane, the respondent's railroad crosses the Sunset Highway at right angles. The appellant was driving his Ford automobile west on the highway, and was injured and his car wrecked at this crossing. The train which injured him was approaching on his right, or from the north. The jury returned a small verdict for the appellant, and thereafter the court granted respondent's motion for judgment notwithstanding the verdict.

In the neighborhood of the crossing, the surrounding country is practically level. It seems to us to be conclusively shown that, when appellant reached a point approximately two hundred feet from the crossing, any train approaching from the north would be in plain view for more than a quarter of a mile from the crossing, and at a point approximately one hundred and fifty feet from the crossing, a train six or seven hundred feet away would be in plain view. At a point on the highway approximately one hundred feet from the crossing, a train some three hundred feet from the crossing would be in plain view. Indeed, the testimony quite conclusively shows that one driving westerly in an automobile along the highway may plainly and distinctly see a train approaching from the north when he is at almost any point from about a quarter of a mile from the crossing to within seventy-five or one hundred feet thereof. Commencing about one hundred feet or less east of the crossing, on the right-hand side of the highway, a slight embankment begins and extends to within seven or eight feet of the nearest rail, and is about nine feet at its highest point. The

collision occurred about ten o'clock in the forenoon, and the vision was good.

The appellant was reasonably well acquainted with this crossing. He testified that, when he got within about a quarter of a mile of the track, he saw where the crossing was and commenced to look to his right and to his left to see if any train were approaching, and observed none. He says he continued to so look and listen until he was about ten feet from the track, when he stopped his car and listened, but heard no train. From that point he could not see an approaching train because of the embankment. He then started his automobile, and as he got close to the tracks observed a passenger train bearing down on him from the north, about seventy-five yards away, and he was struck and somewhat injured and his car wrecked.

This evidence conclusively shows negligence on the part of the appellant. He could have seen the approaching train at almost any place from a point two hundred or three hundred feet from the crossing to within seventy-five or one hundred feet thereof. He says that he looked, but that the train was not there. In this it seems to us certain that he must have been mistaken, for had he looked he must have seen the train because it was in plain view. The appellant says that, when he got within ten feet of the track, he stopped and listened, but that could not have done him any good because he says he did not hear the train, although, according to his testimony, it was running at about fifty-five miles an hour, and it is clear from his testimony that he could not see it because of the intervening embankment. He should have looked when he could see, and not have waited until he had arrived at a place in the road where he could not see: *Mosso v. Bellingham & Northern R. Co.*, 106 Wash. 299, 179 Pac.

848; *Herrett v. Puget Sound Tr., L. & P. Co.*, 103 Wash. 101, 173 Pac. 1024.

It seems to us the appellant was clearly guilty of contributory negligence, and the court was right in entering judgment notwithstanding the verdict. Judgment affirmed.

MAIN, C. J., MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.