[No. 18198.  Department Two.  January 28, 1924.]

ARTHUR E. MILLER *et al., Appellants,* v. OREGON-
WASHINGTON RAILROAD & NAVIGATION
COMPANY *et al., Respondents.*[1]

RAILROADS  (66,  67) — CROSSINGS — ACCIDENTS — CONTRIBUTORY
NEGLIGENCE—DUTY TO STOP, LOOK AND LISTEN—OBSTRUCTED VIEW.
The driver of an automobile at a railroad crossing is guilty of
contributory negligence, as a matter of law, where he knew that
a train back of him was approaching the crossing, he was familiar
with the crossing and an obstruction to the view near it, and could
have seen the train one thousand feet away before reaching the
obstruction, but failed to look for it until his view was obstructed,
and thereafter failed to look and see the train when he had passed
the obstruction and was twenty-five feet from the track.

Appeal from a judgment of the superior court for
Walla Walla county, Mills, J., entered May 23, 1923,
in favor of the defendants, notwithstanding the verdict
of a jury rendered in favor of the plaintiff, in an action
in tort.  Affirmed.

*Grant S. Bond* and *S. A. Keenan,* for appellants.

*A. C. Spencer, Evans & Watson,* and *John F. Reilly,*
for respondents.

BRIDGES, J.—This suit concerns a railroad crossing
accident.  It was against the railroad company and the
engineer in charge of the train which injured the
plaintiffs.  The jury brought in a verdict in favor of
the engineer, and against the company for $3,500.
After the verdict, the defendant company moved for
judgment notwithstanding the verdict, contending that
the evidence did not show any negligence upon its
part, but did show, as a matter of law, contributory
negligence on the part of the plaintiffs; and that, in
any event, the judgment could not stand because of the

[1]Reported in 222 Pac. 475.

release of the engineer by the jury. The plaintiffs were dissatisfied with the amount of the verdict, and sought a new trial on account thereof and for alleged errors occurring during the trial. The company's motion for judgment notwithstanding the verdict was granted, and judgment entered dismissing the cause, from which the plaintiffs have appealed.

The accident occurred at the town of Touchet, in eastern Washington. The towns along the respondent's railroad track west of Walla Walla are, Lowden, Touchet and Wallula, in the order named. The appellants were driving a Dodge roadster automobile, coming from the west towards Walla Walla. As they left the town of Wallula, they saw respondent's train stopping at the depot in that town and bound east to Walla Walla. The railroad and the highway are, for the most part, parallel between Wallula and Touchet, the distance by each being approximately fifteen miles. For more than a quarter of a mile west of Touchet, the country is level and open and the highway is just outside of the railroad right of way. When one traveling the highway reaches a point about three hundred feet of the railroad crossing, the view to the west along the railroad track is materially obstructed by piles of lumber and lumber sheds. It is at the point of these obstructions that the highway turns to the south and crosses the railroad tracks. Approaching the crossing, the traveler has before him, first, a side track, and then the main track on which the train in question was running. To his right, some thirty feet away, is a lumber shed which is a few feet north of the side track.

The negligence charged against the railroad company was excessive speed and failure to give any signal upon approaching this crossing. The utmost speed of the train, as testified to by any person was .

thirty miles per hour, while most of the witnesses testified that it was going not to exceed twenty-five miles an hour. There was some testimony tending to show that no whistle was blown nor bell rung upon approaching the crossing, although there was much testimony to the contrary. For the purpose of discussing the question of the negligence of the respondent and the contributory negligence of the appellants, we must view the testimony in the light most favorable to the latter. We must assume, therefore, that the train was running about thirty miles an hour and that no whistle was blown upon approaching the crossing, and therefore there was evidence sufficient to go to the jury on the question of the negligence of the respondent. But we are of the opinion that the testimony shows conclusively that the appellants were guilty of such negligence as to prohibit any recovery by them.

If we assume, as do the appellants, that there were such obstructions to the view at and in the immediate vicinity of the crossing that they could not see the approach of the train in time to avoid being hit, then it was appellants' duty to look for a train at a place where they knew they could have seen it, which place was the westerly end of the lumber sheds, some three hundred feet by the highway from the crossing. Appellants knew that respondent's train was about to leave Wallula when they left that town. They knew that the train had not passed them and that it was coming somewhere back of them. They had been over this road a great many times and were familiar with it and the crossing and the obstruction to the view of a train approaching from the west. At a point in the highway about three hundred feet from the crossing, they could see a train coming from the west a distance of about one thousand feet from the crossing. They

testified that the curtains of the car in which they were riding were up but that the one on the side next to the railroad was unhooked, leaving an opening through which they could see, and that, when they came near the west end of the lumber yard where the obstructions to the view were, they looked back through the opening made by the unhooked curtain to see if any train was coming and did not see any.

It seems to us certain that, had they looked with such care as they were required to under the circumstances, they must have seen the train, because they could plainly see down the track a distance of about one thousand feet from the crossing. The train must have been within that distance, because they were traveling at from twelve to fifteen miles an hour and had but about three hundred feet to go to reach this crossing where the accident happened. Knowing, as they did, the obstructions to view at the crossing, it was their bounden duty to look for the approach of the train which they knew was coming, at the last place where they could see it, which place was before they reached the lumber sheds which would obstruct their view. It is true, they say they looked and did not see any train. But since it must have been in plain view, it cannot be they looked with the care the law, under the circumstances, imposes on them.

The situation here is very analogous to that in *Dee v. Northern Pac. R. Co.*, 124 Wash. 580, 215 Pac. 11. There we said:

"He [the plaintiff] could have seen the approaching train at almost any place from a point two hundred or three hundred feet from the crossing to within seventy-five or one hundred feet thereof. He says that he looked, but that the train was not there. In this it seems to us certain that he must have been mistaken, for had he looked he must have seen the train because it

was in plain view. The appellant says that, when he got within ten feet of the track, he stopped and listened, but that could not have done him any good because he says he did not hear the train, . . . and it is claimed from his testimony that he could not see it [at that point] because of the intervening embankment. He should have looked when he could see, and not have waited until he had arrived at a place in the road where he could not see."

But, if we assume that the appellants were not bound to look just before their view was obstructed at the west end of the lumber sheds, or that they did look and the train was not in view, still the situation was such at the immediate vicinity of the crossing as to show that they were clearly guilty of contributory negligence. The testimony shows that, when the appellants were twenty-five feet from the crossing where they were injured, they could have seen west on the railroad track a distance of not less than one hundred and fifty feet and probably considerably more. As they approached closer to the track, their view, of course, was widened and they could see very much farther to the west. In other words, when the appellants were within twenty-five feet of the track where they were injured, they could have seen the approaching train at least one hundred fifty feet away from them. Having the knowledge they did with reference to the movement of the train, they were clearly guilty of negligence in not seeing the train before getting so close to the track that they could not avoid being hit. Under the circumstances, they were bound to approach the crossing with great caution and to keep their automobile under such control as they could stop before going on the track. Their testimony showed that, as they approached closer to the track, they were driving from twelve to fifteen miles an hour. When a few feet

from it, they accelerated the speed somewhat and at the same time first saw the train and heard its shrieking whistle.

This case is a much weaker one for the appellants than *Mouso v. Bellingham & Northern R. Co.,* 106 Wash. 299, 179 Pac. 848, was for the plaintiffs there. We said:

"  .  .  . at a distance of twenty-five feet from the first rail of the track upon which the train was moving [the plaintiff] could see past the obstructing building along the track for a distance of 77.9 feet; at twenty feet he had an unobstructed view for a distance of ninety-nine feet; and at fifteen feet, the view was clear for a distance of 161.7 feet."

We held that the plaintiff was guilty of contributory negligence as a matter of law. A similar case is that of *Golay v. Northern Pac. R. Co.,* 105 Wash. 132, 177 Pac. 804, 181 Pac. 700. We have no doubt that the appellants were guilty of such negligence as forbids their recovery, and that the judgment of the court dismissing the cause was right.

The conclusion to which we have come makes it unnecessary to determine any of the other numerous questions raised on the appeal.

The judgment is affirmed.

MAIN, C. J., FULLERTON, and MITCHELL, JJ., concur.