[No. 18992.  Department Two.  March 13, 1925.]

N. L. COLBY et al., Respondents, v. THE CITY OF SEATTLE, Appellant.[1]

STREET RAILROADS (20)—COLLISION WITH VEHICLE—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. The driver of an automobile, turning across parallel street car tracks, is guilty of contributory negligence, as a matter of law, where he looked back for a street car before reaching the intersection at a point where his view was obstructed, and turned across the tracks at the intersection without looking back where he had an unobstructed view and could have seen the approaching street car.

Appeal from a judgment of the superior court for King county, Brinker, J., entered June 28, 1924, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort. Reversed.

[1]Reported in 232 Pac. 868.

*Thomas J. L. Kennedy* and *Frank M. Preston,* for appellant.

*Ryan & Desmond* and *Wesley J. Mifflin,* for respondents.

MACKINTOSH, J.—About midday, September 3, 1923, the respondent was driving his light truck easterly, in intermediate gear, at the rate of twelve miles per hour, over the rough planking of west Alaska street, parallel to the appellant's street car track. From Thirty-eighth avenue southwest, where the accident happened, there was an unobstructed view to the west for a distance of 1,244 feet. When fifty feet from the Thirty-eighth avenue intersection, the respondent looked to his left for street cars which might be overtaking him, and saw none within the distance of 150 feet to which his view was limited by the overhang of the truck body. He proceeded to the intersection at the same rate of speed, and to cross Alaska street made a turn to his left which, by reason of the rough and narrow plank crossing, had to be at nearly a right angle. He made the turn and drove the truck so that its front wheels were on the car rail, when he then saw one of appellant's street cars about 150 feet from him. The inevitable result followed, and the appellant argues that the respondent's contributory negligence should reverse the judgment and dismiss the case.

The testimony may be assumed to show the appellant's negligence in the operation of its street car, but it also plainly shows that the respondent exercised no reasonable amount of consideration for his own security. He looked when and where the look could be of only slight account, and before actually getting within the danger zone, and when and where a most trivial glance would have revealed 400 yards of open track, he drove on placidly indifferent and inattentive

to the situation and his own safety. As he made the turn to cross the street before he had reached the track, and while there was ample opportunity to stop, he did not turn his eyes the fraction of an inch necessary to see what was there plainly to have been seen. Such lack of wariness is not the conduct of reasonably careful men, and in law is contributory negligence and bars recovery. The presumption is that he saw what a modicum of care must have shown him. *Herrett v. Puget Sound Traction, Light & Power Co.*, 103 Wash. 101, 173 Pac. 1024, holds that:

"Must not all say that the appellant either did not look for the approaching car, or his mind was so intent upon other things that the fact of its approach, physically open and apparent as it was and must have been, made no impression upon him? . . . A driver of an automobile may not deliberately drive upon the street car track which is open and apparent, and excuse himself by saying that he looked and did not see that which no one could avoid seeing if he had looked; or that he was giving his attention to his machine, when common prudence demanded that he give some part of his attention to his own safety."

See, also, *Golay v. Northern Pac. R. Co.*, 105 Wash. 132, 177 Pac. 804, 181 Pac. 700; *Heath v. Wylie*, 109 Wash. 86, 186 Pac. 313; *Harris v. Seattle*, 118 Wash. 327, 203 Pac. 943.

As has often been said, these negligence cases depend largely upon their own peculiar facts, and the cataloguing of those where contributory negligence has or has not been held to exist does no more than to make a list of instances showing how near to or far from the facts under consideration are those which have heretofore been before the court. *Johannessen v. Washington Water Power Co.*, 104 Wash. 182, 176 Pac. 8, because of a somewhat similar state of facts to those at bar, should probably be noted, but the effect

of that decision has been apparently altered by the subsequent enactment of § 6340, subd. 6, Rem. Comp. Stat. [P. C. § 222], and § 73 of Seattle ordinance No. 41,695, a municipal transcript of the state law.

For the reasons given, the judgment is reversed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.