[No. 19391.  *En Banc.*  September 15, 1925.]

NORTHWEST HAY ASSOCIATION, *Appellant,* v. GEO. M.
CHASE *et al., Respondents.*[1]

ASSOCIATIONS (1-1)—ORGANIZATION OF ASSOCIATION—CONTRACT—
VALIDITY—FRAUD OF OFFICERS—EVIDENCE—SUFFICIENCY.  A coopera-
tive marketing association contract providing that the members sign-
ing shall not be bound unless seventy-five per cent of the estimated
crop is signed up, and that written statement of the organization
committee as to the tonnage and signatures shall be absolutely con-
clusive, is void where not over forty-five per cent was signed up, and
the statement of the committee was arbitrary, capricious and con-
structively fraudulent, and reasonable diligence would have disclosed
the true tonnage.

EVIDENCE (104)—HEARSAY—STATEMENTS OF THIRD PERSONS.  What
a third person said to a witness at one time upon the subject in
issue is inadmissible as hearsay.

TRIAL (31)—REOPENING CASE—DILIGENCE—MATERIALITY OF EVI-
DENCE.  It is not an abuse of discretion to refuse to reopen a case
for further evidence where due diligence was not shown and the
new evidence, if true, would not have changed the result.

Appeal from a judgment of the superior court for
Yakima county, Hawkins, J., entered May 25, 1925,
dismissing an action for equitable relief, after a trial
to the court.  Affirmed.

*A. C. Cherry* and *Richards, Gilbert & Fontaine,* for
appellant.

*O. L. Boose* and *Grady & Velikanje,* for respondents.

MITCHELL, J.—The Northwest Hay Association is a
cooperative marketing association, organized under
chap. 115, Laws of 1921, p. 357; Rem. Comp. Stat.,
§ 2878.  It brought this action against George M. Chase
and wife and the F. M. Balcom Company, a corpora-
tion, to enjoin Chase and wife from selling their crop

[1]Reported in 239 Pac. 1.

of hay of 1924 to their co-defendant, for liquidated damages on account of hay alleged to have been sold in violation of a marketing contract between the Chases and the association, for specific performance of the contract, and for attorney's fees and costs.   The answer contained general denials of essential averments of the complaint, and, among other affirmative defenses, one that the contract on which suit was brought provided that the contract should not be in force unless and until signatures of growers eligible to membership in the association growing hay in an amount equal to seventy-five per cent of the estimated crop of market alfalfa hay for the year 1923 in Walla Walla, Benton, Yakima and Kittitas counties should be secured on or before September 15, 1923; that the organization committee, whose duty it was to ascertain whether or not the requisite sign-up had been obtained, did not make a fair investigation or have sufficient facts by which such computation should be made with any reasonable degree of accuracy, but that it made an arbitrary computation of the tonnage in an amount not to exceed twenty-five per cent of the true tonnage; and that the estimate, being made without ascertaining the facts and at an amount so greatly less than the true tonnage, which could have been ascertained by the exercise of reasonable diligence, was arbitrary, capricious and constructively fraudulent as to the rights of the Chases as signers of the purported contract.   The answer denied the enforcibility of the contract and admitted sale of hay of the 1924 crop to the F. M. Balcom Company.   The trial, as one in equity, resulted in favor of the defendants.   From a judgment of dismissal, the plaintiff has appealed.

While no finding of fact was made by the trial court, it very clearly appeared from a well prepared opinion

6—136 WASH.

of the judge, furnished us in the appellant's abstract of the record, that the trial court was satisfied that the affirmative defense just referred to was established by a preponderance of the evidence. This statement of the views of the trial judge should be coupled with the further one that while he did not say in terms that the tonnage ascertained by the appellant through its chosen committee did not exceed twenty-five per cent of the true tonnage, as alleged in the answer, it is manifest from his conclusions and judgment that the discrepancy was so great as to justify the defense of constructive fraud. A careful examination of the evidence, as presented in a full and extensive abstract at the hands of the appellant, satisfies us that the total tonnage signed up by the 15th of September, 1923, did not exceed forty-five per cent of the true tonnage of market alfalfa hay grown in the counties, as shown by an abundance and a preponderance of the evidence, and that in all other respects the allegations of the affirmative defense were fully sustained.

It is argued on behalf of the appellant that the preliminary contract signed by Chase and wife provided that for all matters of production, tonnage or signatures "the written statement of the organization committee, signed by its chairman, shall be absolutely conclusive, with or without notice to the subscriber;" and further argued that a written statement of the organization committee that members signing up for a sufficient amount of tonnage had been obtained was given to the respondent Chase, and therefrom it is argued that respondents are bound thereby. The argument is sound and applicable in the absence of allegation and proof of unfair dealing in the assembling of facts upon which the determination by the committee was made. Such were the cases of *Washington Wheat*

*Growers Ass'n v. Leifer,* 132 Wash. 602, 232 Pac. 339, and *Rowland v. Burley etc. Ass'n,* 208 Ky. 300, 270 S. W. 784, cited by the appellant. But, according to the uniform holdings of this court in cases similar in principle, we reached a different result in the case of *Wenatchee District Cooperative Ass'n v. Mohler,* 135 Wash. 169, 237 Pac. 300, where there was allegation and proof of unfair tabulation amounting to constructive fraud. In such circumstances, where the amount subscribed is so disproportioned to the amount promised and anticipated, the court will not hesitate to say that the action of the association through its committee is not binding on the subscriber.

There is nothing in the record showing any element of estoppel or ratification. Facts and knowledge essential in the establishment of either against the Chases were not shown to have been possessed by them, or either of them, at the times referred to by the appellant.

An assignment is made that error was committed in refusing to allow a witness to testify as to what one Satola had at one time said about the tonnage of alfalfa hay in the district, or a part of it, but the offer as made amounted to nothing more than hearsay testimony and was properly rejected.

It is further contended that the trial court abused its discretion in not reopening the case after it had been decided, as indicated by the memorandum opinion, for the purpose of letting in new evidence on behalf of the appellant. We are compelled to decide against the contention because (1) due diligence was not shown by the appellant, and (2) the evidence, if admitted and taken to be true, could not change the result, as it related to alleged conduct on the part of respondent Chase at a time he was yet unaware of the

facts upon which he prevailed, as asserted in his affirmative defense.

Appellant's motion for a new trial was properly denied.

Affirmed.

TOLMAN, C. J., MACKINTOSH, FULLERTON, ASKREN, HOLCOMB, and PARKER, JJ., concur.

MAIN, J., took no part.