[No. 21457. Department One. August 8, 1929.]

WESLEY L. KEENE, *Appellant*, v. PACIFIC NORTHWEST TRACTION COMPANY, *Respondent.*[1]

*Vanderveer & Levinson*, for appellant.

*James B. Howe, Edgar L. Crider*, and *Emory E. Hess*, for respondent.

FULLERTON, J.—The appellant Keene was injured in a collision with the Seattle-Everett interurban train operated by the respondent, and brought this action to

[1]Reported in 279 Pac. 756.

recover for the injuries suffered by him as a result thereof. There was a trial before a jury, at which the jury returned a verdict for the appellant. On motion of the respondent for a judgment in its favor notwithstanding the verdict, the trial court set the verdict aside and entered a judgment of dismissal.

As to the principal facts giving rise to the injury, there is no substantial dispute. At the place of the accident, the railway track of the respondent extends north and south. It is there crossed by a county highway, extending east and west. The highway is a much traveled thoroughfare, and is paved along its center for a width of twenty feet. South of the highway for some distance, the railway track passes through an excavation in a knoll which partially obscures an approaching train from one traveling the highway, approaching from the east, until the traveler reaches an approximate distance of sixty feet from the crossing.

From that point, an approaching train is visible for a distance of six hundred feet or more. It is probable also that, at the time of the accident, a train in the excavation would be further obscured by brush growing on the intervening bank. The brush had been removed at the time of the trial, and at the time photographs of the surroundings were taken for use as evidence at the trial, but whether it was so removed prior to the accident, the evidence is not clear. The brush, however, did not obstruct the view of an approaching train after a person traveling the highway had approached within sixty feet of the track. The accident occurred at about eleven o'clock in the morning, and the evidence on the part of the appellant is that a fog further obscured the visibility. The appellant's witnesses vary as to the density of the fog, but the appellant himself says that an approaching car could be seen for a distance of "two or three hundred feet."

The respondent railway company maintains the usual semaphore at the crossing, consisting of a swinging arm and a gong. This, according to the appellant's witnesses, was unreliable as a signal for an approaching train. Their testimony is that it was more often out of repair than in repair; that it would work erratically, sometimes not operating at all, and sometimes failing to operate as a train approached, but commencing as the train passed the crossing, and continuing for a long time thereafter. The appellant himself was not questioned while on the witness stand as to his knowledge of the condition of the semaphore, but, as he testified he had lived close to the crossing for some four years, had been in the fuel business for two and one-half years with his place of business within three hundred feet of the crossing, and crossed at the crossing frequently, he could hardly have known less about it than did his friends and neighbors whom he called to testify to its erratic behavior.

The appellant, testifying as to his actions immediately preceding the accident, said that he left his place of business and drove towards the railway crossing in a Ford coupe; that, while on his way, he reached a speed of fifteen miles an hour, and, as he approached the crossing, slowed down to "probably between ten and fifteen miles an hour;" that he did not see the arm of the semaphore swinging, nor hear the gong sounding; that, while he looked "all the way down from where" he started, for approaching trains, he did not at any time see the train which injured him, and did not hear its whistle sounded, nor its bell rung. He further testified that he did not stop his car as he approached the crossing, and testified that he did not know whether he ran into the side of the train or whether the train struck him. On the latter question, however, the evidence is all but conclusive that the

front of the train was well past him when he reached the track, and that his automobile struck the forward car some few feet back of its forward trucks.

There was evidence on the other side, and nothing to the contrary, that the train was a regularly scheduled train, running on time, and at its usual rate of speed. The only eyewitnesses to the accident, other than the appellant himself, were sworn on the part of the respondent. These testified to conditions which would convict the appellant of the grossest negligence, but it was, of course, for the jury to say whether or not they were worthy of belief.

But, taking that view of the evidence most favorable to the appellant, it is our opinion that the trial court did not err in ruling that he was guilty of contributory negligence as matter of law. The appellant was perfectly familiar with the surroundings. He knew of all of the obstructions which obscured the view of approaching trains, and knew of all of the hazards to which such obstructions gave rise. The train with which he collided was upon him at the time he reached the crossing, and, from his own evidence as to the visibility of a train approaching from the direction this was approaching, must have been within the range of his vision for an appreciable time before he reached the crossing—ample time at least to have stopped his automobile and avoided a collision. There was, it is true, a fog, at the time, which more or less obscured his vision, but this, instead of excusing him from exercising care and caution, rather added to his duty in that respect. If he could not see whether or not he was entering a zone of danger in venturing onto the railway track, it was his duty to take some other means of ascertaining the fact. He could not abandon all caution, take a chance on escaping injury, and, failing to escape, charge his delinquency to another.

"The driver of an automobile, approaching such a crossing as the one in this case, must make reasonable use of his senses to guard his own safety, and the failure to do so is negligence." *Bowden v. Walla Walla Valley R. Co.,* 79 Wash. 184, 140 Pac. 549.

"A traveler on a public highway approaching a railway crossing cannot impose upon the railway company all the caution needed to prevent accidents . . . the well settled rule imposes upon the traveler the duty to use all means a reasonably prudent person would, under the existing circumstances, to avoid a collision." *Benedict v. Hines,* 110 Wash. 338, 188 Pac. 512.

"A driver of an automobile may not deliberately drive upon the street car track which is open and apparent, and excuse himself by saying that he looked and did not see that which no one could avoid seeing if he had looked . . ." *Herrett v. Puget Sound T., L. & P. Co.,* 103 Wash. 101, 173 Pac. 1024.

"The testimony shows that, when the appellants were twenty-five feet from the crossing where they were injured, they could have seen west on the railroad track a distance of not less than one hundred and fifty feet and probably considerably more. As they approached closer to the track, their view, of course, was widened and they could see very much farther to the west. In other words, when the appellants were within twenty-five feet of the track where they were injured, they could have seen the approaching train at least one hundred fifty feet away from them. Having the knowledge they did with reference to the movement of the train, they were clearly guilty of negligence in not seeing the train before getting so close to the track that they could not avoid being hit. Under the circumstances, they were bound to approach the crossing with great caution and to keep their automobile under such control as they could stop before going on the track. Their testimony showed that, as they approached closer to the track, they were driving from twelve to fifteen miles an hour. When a few feet from it, they accelerated the speed somewhat and at the same time first saw the train and heard its shrieking whistle.

"This case is a much weaker one for the appellants than *Mouso v. Bellingham & Northern R. Co.,* 106

Wash. 299, 179 Pac. 848, was for the plaintiffs there. We said:

" '. . . at a distance of twenty-five feet from the first rail of the track upon which the train was moving [the plaintiff] could see past the obstructing building along the track for a distance of 77.9 feet; at twenty feet he had an unobstructed view for a distance of ninety-nine feet; and at fifteen feet, the view was clear for a distance of 161.7 feet.'

"We held that the plaintiff was guilty of contributory negligence as a matter of law. A similar case is that of *Golay v. Northern Pac. R. Co.*, 105 Wash. 132, 177 Pac. 804, 181 Pac. 700. We have no doubt that the appellants were guilty of such negligence as forbids their recovery, and that the judgment of the court dismissing the cause was right." *Miller v. Oregon-Washington R. & Nav. Co.*, 128 Wash. 292, 222 Pac. 475.

In the light of the foregoing principles, it would seem conclusive that the appellant in the instant case did not exercise that degree of care in approaching the railway track that the law imposes upon him. His failure so to do was negligence, and a bar to his right to recover against the respondent, conceding that the respondent was likewise guilty of negligence.

The judgment of the trial court is affirmed.

MITCHELL, C. J., TOLMAN, and HOLCOMB, JJ., concur.

BEALS, J. (dissenting)—In my opinion, the facts disclosed by the record in this case do not warrant a holding that appellant was guilty of negligence as a matter of law, and I accordingly dissent from the conclusion reached by the majority.