[No. 25087.   Department Two.   August 1, 1934.]

SPOKANE COUNTY, *Appellant,* v. GREAT NORTHERN RAIL-
WAY COMPANY, *Respondent.*[1]

*C. W. Greenough* and *A. O. Colburn,* for appellant.

*Ernest E. Sargeant, William Ennis,* and *Charles S. Albert,* for respondent.

[1]Reported in 35 P. (2d) 1.

BEALS, C. J.—A well traveled county road, running in a general easterly and westerly direction, crosses at right angles four tracks maintained by defendant, Great Northern Railway Company, at a point near Mead, in Spokane county. During the month of September, 1933, plaintiff, Spokane county, owned a road grader which on the afternoon of September 27 was in charge of Clarence Sharkey, an employee of the county, who was driving the grader in an easterly direction along the county road. Two of the four tracks maintained at the point of crossing by defendant were main tracks, while two were secondary or switching tracks.

On the afternoon in question, a string of box cars stood on the west track, a slightly curved switching track, the cars somewhat obscuring the view of the main tracks to the north as a person approached the crossing from the west, the car nearest the crossing being three hundred forty-five feet distant therefrom.

The road grader was about twenty-five feet in length, the driver's cab being on the rear. As Mr. Sharkey approached the crossing, he raised the grader blade and then proceeded across the tracks. At this time, a lone "helper" locomotive belonging to defendant was proceeding backward along one of the main tracks in a southerly direction. This locomotive struck and destroyed the grader while the same was on the crossing, Mr. Sharkey losing his life as a result of the collision.

This action was instituted by the county for the purpose of recovering damages for the loss of the grader. The action was tried to a jury, the trial court sustaining defendant's challenge to the sufficiency of the evidence interposed at the close of plaintiff's case. From a judgment dismissing the action, entered pursuant to this ruling, plaintiff appeals.

Appellant assigns error upon the ruling of the trial court sustaining respondent's challenge to the evidence

and upon the entry of judgment dismissing the action. Error is also assigned upon the refusal of the court to admit evidence offered by appellant.

The case is before us upon appellant's evidence only, from which it appears that no signal was given of the approach of respondent's locomotive.

One witness, standing near the crossing, who watched the approach of the locomotive from about a mile down the track, testified that it did not slacken speed, but continued its approach steadily at approximately forty-five miles an hour. The engine proceeded down the track for approximately a quarter of a mile after the collision.

The accident occurred between three-thirty and four o'clock in the afternoon, and it is evident that the visibility was good. Assuming, without deciding, that respondent's engineer was negligent in the manner in which the engine approached the crossing, we are of the opinion that it must be held, as matter of law, that appellant's employee Sharkey was guilty of contributory negligence which defeats appellant's right to recover in this action, and that the trial court properly dismissed the action.

The road rose as it approached the crossing from the west about five feet in two hundred, the planks between the rails were uneven, and the crossing of the track was necessarily a slow proceeding for any motor vehicle, more particularly for such a one as appellant's grader. The tracks were perfectly straight for a mile and a quarter or more north of the crossing. While the box cars upon the siding somewhat obstructed the view up the track from the west, it clearly appears from the testimony that, notwithstanding the position of the cars on the siding, it was an easy matter to obtain a reasonable view along the track to the north before proceeding to cross the tracks. Mr. Sharkey

was familiar with the crossing, having passed over it many times during the period of his employment by appellant. Several witnesses saw the grader approach the track, but testified that they could not tell whether or not Mr. Sharkey had looked up the track towards the north.

Appellant, in support of its contention that it must be assumed that Mr. Sharkey used due care in approaching the crossing, cites the case of *Smith v. Inland Empire R. Co.*, 114 Wash. 441, 195 Pac. 236. In the case cited, it is noted by the court that

" . . . no one saw the deceased at the time he approached the crossing, and since there was no evidence to show what he did at or before he attempted to cross the railway track, it must be presumed that he used due care."

The authority relied upon by appellant and others to like effect are not controlling here, because in this case several witnesses testified that they saw Mr. Sharkey approach the track and observed him up to the moment of the accident. Under the evidence in the case at bar, there is no room for the application of the rule as to the presumption of due care. This case rather falls within the rule laid down in *Woolf v. Washington R. & Nav. Co.*, 37 Wash. 491, 79 Pac. 997, and *Carlson v. Seattle*, 175 Wash. 388, 27 P. (2d) 717.

Appellant strongly relies upon the opinion in the case of *Hines v. Chicago, M. & St. P. R. Co.*, 105 Wash. 178, 177 Pac. 795. The collision which was the basis of that decision occurred at night, the locomotive backing down the track carrying no sufficient light indicating its approach. The surrounding conditions were such as to render it difficult to distinguish the approaching locomotive, while in the case at bar respondent's engine could be seen for the distance of a mile from the crossing.

In some of the authorities cited by appellant the question of laws or ordinances regulating speed were important. No such question is presented in this case, as the engine was violating no rule in proceeding at forty-five or fifty miles per hour. We have examined all of the many authorities cited by appellant, but find none which requires a reversal of the order appealed from.

Mr. Sharkey was thoroughly familiar with the crossing and surrounding conditions. The accident occurred in the daytime while the visibility was excellent. The situation was such as required Mr. Sharkey to take reasonable precautions for his own safety and for that of the county property under his charge. He drove upon the track apparently without any regard for the manifest danger inherent in the situation, and notwithstanding the fact that respondent's engine was approaching in plain view.

In the case of *DeTemple v. Schafer Bros. Logging Co.*, 169 Wash. 102, 13 P. (2d) 446, this court held that the trial court had erred in not granting the defendant's motion for judgment in its favor notwithstanding the verdict, holding that the plaintiff's intestate had been guilty of such contributory negligence as prevented a recovery. In the case cited, it appeared from the evidence that the view up the track was very much less clear than in the case at bar. In the course of its opinion, the court said:

"It appears conclusively from the testimony and the evidence of the physical facts that the decedent failed to make a reasonable use of his senses to guard his safety when approaching the railway crossing, and that such failure on his part was the cause of his death and the damage to his car."

In the opinion of this court on the rehearing of the case of *Haaga v. Saginaw Logging Co.*, 169 Wash. 547,

14 P. (2d) 55, the rule that persons traveling upon a highway must exercise reasonable care in view of the existing circumstances was noted, and the principle that a railroad crossing is a "proclamation of danger" and that observation must be made from a position where the same is effective, was again approved with copious citation of authority.

In the case at bar, it clearly appears that Mr. Sharkey was thoroughly familiar with this particular crossing. On his approach, any obstruction of his view of the track to the north because of the presence of the box cars upon the siding required that he exercise care in looking up the track from a point where his view was not obstructed. The grader was necessarily moving very slowly. If there was an engine moving along the track, it had the right of way. Respondent's engine was, in fact, approaching the crossing, and it must be held that Mr. Sharkey was grossly negligent in driving upon the track as he did. Our conclusion is supported by the cases of *Golay v. Northern Pac. R. Co.*, 105 Wash. 132, 177 Pac. 804; 181 Pac. 700; *Benedict v. Hines,* 110 Wash. 338, 188 Pac. 512; *Beckwith v. Spokane International R. Co.*, 120 Wash. 91, 206 Pac. 921; *Dee v. Northern Pac. R. Co.*, 124 Wash. 580, 215 Pac. 11; *Miller v. Oregon-Washington R. & N. Co.*, 128 Wash. 292, 222 Pac. 475; *Colby v. Seattle,* 133 Wash. 394, 232 Pac. 868; *Okada v. Seattle,* 139 Wash. 433, 247 Pac. 729, and *McFadden v. Northern Pac. R. Co.*, 157 Wash. 437, 289 Pac. 1.

The department of public works under date October 24, 1924, by consent of the parties to this action, entered an order finding that the railroad crossing upon which Mr. Sharkey was killed and appellant's grader destroyed was necessary and convenient to the people in the vicinity, and that the same might be maintained,

" . . . on condition, however, that views of 3300 feet to the right and to the left at a point 75 feet from the track approaching said tracks from the north and south be provided. The railroad company shall remove its depot, tool house and other structures so as not to interfere with said view. The county shall remove so much dirt, trees or other obstructions as is necessary to obtain such views."

Appellant contends that the placing of freight cars upon the siding violated the terms of this order, and offered the order in evidence as part of its case against respondent, the offer being refused by the court on objection by respondent.

If, in the opinion of the department, the use of the siding constituted a menace to the traveling public, the order should have in some way covered that matter. In the absence of such a provision, the order was clearly inadmissible, referring, as it does, only to certain fixed improvements.

■ Finally, appellant assigns error upon the ruling of the trial court sustaining respondent's objection to appellant's questions to a witness tending to prove that the conductor of the "helper" crew, immediately after the accident, stated to one of appellant's witnesses that one of the men in the engine cab had said, upon observing Mr. Sharkey approaching the track, "Goose it; maybe we can beat him across." Appellant contends that this statement constituted a part of the res gestae, and was admissible in evidence for that reason and as a statement by a representative of respondent.

Appellant's witness testified that a man who he said he thought was the conductor of the engine (it being apparently conceded that he occupied this position) told the witness that another man of the crew had made the remark above quoted. It seems from the rather confused record that the man who, the witness

stated, had spoken to him about the matter had not heard the alleged remark as originally uttered, but had simply been told by another employee of respondent after the accident that such a remark had been made.

In support of its contention that the evidence was admissible, appellant cites the case of *Sporsem v. First National Bank of Poulsbo,* 133 Wash. 199, 233 Pac. 641, 40 A. L. R. 854, in which this court held that, after the burglary of a safe deposit vault in a bank, testimony by a witness as to statements made to him by the president of the bank, who was in active charge of its affairs, was admissible in an action against the bank. The question decided in the case cited differs from that now before us. Here appellant sought to introduce evidence as to what a man said concerning what he had heard someone else say or what another told him someone else was reported to have said. No direct offer of proof was made, and the rulings of the court as disclosed by the record were clearly correct. *Northwest Hay Association v. Chase,* 136 Wash. 160, 239 Pac. 1; *Mueller v. Winston Bros. Co.,* 165 Wash. 130, 4 P. (2d) 854.

Finding no error in the record, the judgment of the trial court is affirmed.

TOLMAN, HOLCOMB, GERAGHTY, and BLAKE, JJ., concur.