[No. 29197.   Department Two.   April 12, 1944.]

ILAH HOPP, *Individually and as Executrix, Respondent,* v. NORTHERN PACIFIC RAILWAY COMPANY *et al., Appellants.*[1]

[1]Reported in 147 P. (2d) 950.

*Cannon, McKevitt & Fraser,* for appellants.

*Witherspoon, Witherspoon & Kelley,* for respondent.

MALLERY, J.—This is an action for wrongful death brought by the surviving wife of Jake Hopp, Jr., individually and as executrix of his estate. From a judgment for the plaintiff, based on the verdict of the jury, the defendants appeal.

This action resulted from a collision between an automobile driven by the deceased and the gas motor coach of the appellant railway company, occurring near the outskirts of the city of Davenport. The gas motor coach is over seventy-four feet long, over nine feet wide, eight feet high, and weighs 104,260 pounds. It carries no fireman. The engineer's seat is in the front, right-hand corner on the opposite side from which the deceased approached the crossing. The engineer did not see the car of the deceased prior to the collision. There were, in fact, no eyewitnesses to the collision. The crossing is at right angles and both the road and the railroad tracks are approximately level for a considerable distance on each side of the intersection.

The accident occurred on December 2, 1941, at approximately three-thirty, the afternoon of a rainy day. The respondent alleged that the appellants were negligent in failing to sound the bell or whistle of the gas motor coach continuously upon approaching the crossing. The respondent introduced no evidence touching this allegation.

The undisputed evidence was that the customary signals were given. However, respondent contends that appellants had not shown conclusively that the signals were given continuously. Since this accident happened inside the city limits of Davenport, the continuous ringing of the bell or sounding of a whistle is not required. See Rem. Rev. Stat., § 2528 [P. C. § 9091]. There is no ordinance in the city of Davenport upon the subject. Respondent, therefore, failed to prove this allegation of negligence.

The respondent alleged that the crossing was extra-

hazardous and that the appellants were negligent in failing to keep a watchman or automatic signal alarm bell at the crossing. The deceased was familiar with the crossing and had a clear and unobstructed view of the track, in the direction from which the gas motor coach was approaching, of from 1,000 to 2,800 feet when he was at a distance of one hundred feet from the crossing. In *Missouri K. & T. R. Co. v. Long,* 299 S. W. 854, the court held that a crossing is more than ordinarily dangerous if it is so peculiarly dangerous that prudent persons cannot use the same with safety unless extraordinary means are used to approach such place. The crossing was not an extrahazardous one, as a matter of law, under the facts of this case. Hence, this allegation of negligence must fail.

The respondent alleged that the appellants were also negligent in operating their gas motor coach at a greater rate of speed than was reasonable under the circumstances. No testimony in the record would sustain any finding that the gas motor coach was traveling in excess of thirty-two miles per hour. That speed was not in violation of any provision of law and, hence, is not negligence *per se.*

The appellants had the right of way; therefore, the respondent's allegation of negligence predicated upon the speed of the gas motor coach and the failure of the engineer to maintain a lookout in approaching the crossing and failure to slacken the speed of the gas motor coach, was based upon the doctrine of last clear chance in order to escape the legal effect of the deceased's failure to yield the right of way to appellants.

Even if the appellants had been guilty of negligence, which they were not, the deceased would still have been guilty of contributory negligence as a matter of law, in failing to yield the right of way to the train. We have so held, even though the speed of the train was in violation of a city ordinance, which it was not in this case, and as high as sixty-five miles per hour. See *Morris v. Chicago M. St. P. & P. R. Co.,* 1 Wn. (2d) 587, 97 P. (2d) 119, 100 P. (2d) 19; *Carroll v. Union Pac. R. Co., ante* p. —, 146 P. (2d) 813; *Spo-*

*kane County v. Great Northern R. Co.,* 178 Wash. 389, 35 P. (2d) 1; *Sadler v. Northern Pac. R. Co.,* 118 Wash. 121, 203 Pac. 10.

As was said in *Spokane County v. Great Northern R. Co., supra:* "If there was an engine moving along the track, it had the right of way."

And, again, in *Sadler v. Northern Pac. R. Co., supra:*

" . . . one operating a locomotive and train has a right to assume, until the contrary becomes evident, that one approaching the track in an automobile will give the train the right of way, and is not required to attempt to bring his train to a standstill because the automobile may be seen to be approaching the track; but has a right to assume, until the contrary appears, that the occupants of such automobile will use reasonable care for their protection, and will give the train the right of way to which it is entitled under the law."

Respondent's allegations of negligence based upon failure to maintain a lookout and failure to slacken the speed of the gas motor coach in time to avoid collision, are made for the purpose of invoking the doctrine of last clear chance and thus avoiding the legal effect that deceased's contributory negligence (as a matter of law) would have by defeating a recovery.

The respondent failed to produce any evidence that indicated the existence of either of the two situations where the last clear chance doctrine applies; namely, (1) where the operator of the instrumentality which inflicted the injury actually saw the perilous situation of the other party and, by the exercise of reasonable care, could have avoided the injury, and (2) where the operator of the instrumentality which inflicted the injury should have seen and recognized the peril of the other party whose own negligence had ceased, leaving him in a position of danger from which he could not extricate himself. See *Leftridge v. Seattle,* 130 Wash. 541, 228 Pac. 302, which is a landmark case that has been followed consistently by this court.

The engineer did not see the car of the deceased prior to the collision; hence, the first aspect of the last clear chance

doctrine cannot be applied; and, since there is no evidence whatever that the deceased was in an inextricable position, the second aspect of the last clear chance doctrine cannot be applied.

The contributory negligence. of the deceased is decisive of the case. The judgment is reversed, with directions to dismiss the action.

SIMPSON, C. J., MILLARD, BLAKE, and ROBINSON, JJ., concur.

[1] Reported in 147 P. (2d) 940.