[No. 16109.  Department Two.  February 3, 1921.]

GRACE L. SMITH, *Executrix, Respondent,* v. INLAND
EMPIRE RAILROAD COMPANY, *Appellant.*[1]

RAILROADS (61, 71)—ACCIDENT AT CROSSING—NEGLIGENCE—FAILURE
TO SIGNAL—EVIDENCE—QUESTION FOR JURY. Whether a train crew
sounded warnings at a railroad crossing is a question for the jury,
where two witnesses testified that they were in a position to hear
and would have heard a whistle or bell when the train passed if
sounded, and heard none, although employees on the train testified
that the bell was rung and whistles blown.

SAME (64-66) — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.
Whether deceased, driving a motor truck, and struck at a crossing
by an electric train, was guilty of contributory negligence is a ques-
tion for the jury, where the train approached without warning in a
cut, on a down grade, the train men first saw the truck forty feet
away when its front wheels were upon the track, and no one saw
what the deceased did before he attempted to cross.

Appeals from a judgment of the superior court for
Spokane county, Blake, J., entered March 29, 1920,
upon the verdict of a jury rendered in favor of the
plaintiff, in an action for wrongful death.  Affirmed.

*Graves, Kizer & Graves,* for appellant.

*Danson, Williams & Danson (R. E. Lowe,* of coun-
sel), for respondent.

MOUNT, J.—On October 14, 1919, W. F. Smith,
while driving along a highway at the crossing of the
defendant's railway, was struck by one of the defend-
ant's trains and killed. His widow, as administratrix
of his estate, brought this action to recover damages
on account of his death. The complaint alleged negli-
gence of the defendant in several particulars. These
allegations of negligence were all denied by the de-
fendant, and an affirmative defense was pleaded to the
effect that the death of Mr. Smith was caused by his

[1]Reported in 195 Pac. 236.

own negligence. Upon these issues, the case was tried to the court and a jury and resulted in a verdict and judgment in favor of the plaintiff. The defendant has appealed from that judgment, making two assignments of error to the effect that the court erred, first, in denying the appellant's motion for a directed verdict at the close of the plaintiff's evidence and again at the close of all the evidence; and second, in denying the appellant's motion for judgment notwithstanding the verdict.

In substance, the facts are as follows: The appellant operates an electric interurban railway in and out of the city of Spokane. On the east border line of the city, the railway is crossed by a county highway. At the point of crossing and for some distance on either side, the railway extends through a cut estimated at from seven to eight feet deep. The county road crossing the railroad at nearly right angles also approaches the railroad for some distance in a cut estimated at from four to seven feet in depth. At this cut, the railway company maintains an automatic bell which is intended to ring at the approach of trains from either direction.

In the afternoon of October 14, 1919, Mr. Smith started from his farm, which is east of the city of Spokane, with a load of thirty boxes of apples upon a Ford automobile truck. Some three hundred feet to the south of the crossing, there is an eight per cent grade from that point to a point beyond the railroad crossing. Mr. Smith was going down this grade with his load of apples. He was traveling to the north. The railway train about the same time was traveling toward the west. This train for several miles was running on a down grade of two per cent, with the power shut off and the brakes lightly applied, so the train was coasting down grade. Apparently Mr. Smith and

the electric train reached the crossing at the same time and Mr. Smith was killed.

It is contended by the appellant that there was no sufficient evidence of negligence on the part of the railway company. At the trial of the case, the court submitted to the jury three elements of alleged negligence: (1) Whether or not the train was running at an excessive rate of speed; (2) whether the view of the train was obstructed by a growth of vines and weeds upon the right of way of the railway company; and (3) whether the railway company neglected to sound the whistle or ring the bell upon the railway train before approaching the crossing. Appellant strenuously argues that there was no sufficient evidence to go to the jury upon either of these questions of negligence.

We may dismiss, without further consideration, the question whether there was sufficient evidence to go to the jury upon the speed of the train, or upon whether there was grass or vines growing upon the right of way of the railway company which precluded the view of the train; but we are satisfied there was sufficient evidence to go to the jury upon the question of whether or not the appellant's train crew operating the train sounded the whistle and rang the bell on the train previous to approaching the highway crossing.

At least two witnesses testified in behalf of the respondent to the effect that they were in a position to hear the whistle, if blown, and to hear the bell on the train as it passed, if the bell had rung, and that they heard no bell and heard no whistle. The employees of the railway company upon the train testified, in substance, that they set the bell in motion upon the train and that it was ringing continuously from the top of the grade before reaching the crossing and that the regular crossing whistles were blown before approaching the crossing. It is strenuously argued by the ap-

pellant that the evidence of the respondent upon this question was negative in character and should not be considered against the positive evidence of the employees of the railway company. There is authority to support their contention, but this court, in *McKinney v. Port Townsend & P. S. R. Co.*, 91 Wash. 387, 158 Pac. 107, on a disputed question of fact of this same character, said:

"While the fireman and engineer and one passenger on the train testified that the bell was rung until the emergency brakes were applied about one hundred feet from the crossing, other witnesses who heard the whistle when the train was a quarter of a mile further away, and one of whom actually saw the collision, testified that they did not hear the bell at all. All of the occupants of the automobile said that they did not hear either the bell or the whistle. It is true that the evidence that the bell was not sounded was negative in form, but it was as positive in character as the nature of such a case will usually permit. It was sufficient to take the question to the jury."

A number of cases to that effect are there cited.

And in *Kent v. Walla Walla V. R. Co.*, 108 Wash. 251, 183 Pac. 87, upon the same question, this court said, in a case where the question was whether negative evidence was overcome by positive evidence:

"Even though the positive testimony that the signals were given may seem the more credible, we cannot say that the evidence that the signal was not given is overcome. The question of negligence was properly submitted to the jury."

Notwithstanding what other courts may have said upon this question, the rule in this state is that, where witnesses are so situated that they could hear and would have heard, if the crossing signals had been given, where this testimony is disputed by positive evidence to the effect that the crossing signals were

given, makes a question of fact for the jury. We are of the opinion, therefore, that, upon this question alone, the case was properly submitted to the jury and the finding of the jury must be conclusive upon that question.

Appellant next argues, and with much reason, that the whole evidence, taken together, shows conclusively that Mr. Smith, at the time he undertook to cross in front of the train, was guilty of contributory negligence and for that reason there could be no recovery. There is no evidence in the case to show what Mr. Smith did when he approached the crossing. As we have shown above, the railway train was an electric train. It was approaching the crossing in a cut seven or eight feet deep on a down grade of two per cent. Mr. Smith, in his automobile, which had been changed from a touring car to a truck without any top, was approaching the crossing on a down grade of eight per cent, also in a cut from four to seven feet deep. According to the photographs in evidence, there were high rocks at points between him and the approaching train. At best, he could have seen at certain places the tops of the cars as they were approaching. His automobile, no doubt, was making some noise. The train as it rolled down the grade was, no doubt, also making some noise, but there was no smoke or anything of that kind to attract the attention of a traveler on the highway. The automatic crossing bell may or may not have been ringing. The witnesses who testified that they heard no bell upon the approaching train and no whistle, also testified that they did not hear the automatic bell at the crossing; that they were but a short distance, two or three hundred feet, away, and that the automatic bell when ringing could be readily heard at that distance. When the railway train was within thirty or forty feet of the highway crossing, the

motorman on the train in front saw the automobile come upon the track just ahead of the train. The automobile was not seen until the front wheels were upon the railway track.

Upon the question of contributory negligence, this court said in *Norman v. Bellingham*, 46 Wash. 205, 89 Pac. 559:

"The appellant, however, makes the point that the evidence failed to show affirmatively that the respondent was free from contributory negligence, and cites a number of cases from other jurisdictions holding that the burden is upon the person injured to show that his want of care did not contribute to his injury. Undoubtedly the rule contended for prevails in the jurisdictions from which the cases cited were obtained, but the rule is not general and was early repudiated by this court. In this state the burden is upon the party affirming it to establish contributory negligence, and where the evidence is silent as to the question, due care is presumed."

A number of cases are there cited to support the rule.

Since no one saw the deceased at the time he approached the crossing, and since there was no evidence to show what he did at or before he attempted to cross the railway track, it must be presumed that he used due care. If his engine was running, making a noise, as it no doubt was, and if he approached the crossing and stopped, looked and listened before attempting to make the crossing and did not hear the crossing bell or the approach of the train and did not see it until it was too late to avoid the accident, he was clearly not guilty of contributory negligence. *Kent v. Walla Walla V. R. Co., supra; Golay v. Northern Pac. R. Co.,* 105 Wash. 132, 177 Pac. 804, 181 Pac. 700; *Brandt v. Northern Pac. R. Co.,* 105 Wash. 138, 177 Pac. 806, 181 Pac. 682.

But it is said by the appellant that, if Mr. Smith had looked at certain places within one hundred and seventy-five feet or less from the crossing, he must have seen the train. It is no doubt possible that if he had looked at certain places he might have seen the train. The train, as we have said, was coasting down a two per cent grade in a cut. Mr. Smith was approaching the crossing also in a cut. At best, he could have seen but a small portion of the tops of the cars. If he had stopped at certain points before attempting to make the crossing, the railway train may have been some distance away. He may not have seen it though he had looked carefully. He may have stopped his automobile, loaded as it was, at a point where the train would have been obscured by the rocks and bushes outside of the right of way.

Among other cases, appellant relies upon the case of *Benedict v. Hines,* 110 Wash. 338, 188 Pac. 512.

We are of the opinion that case is readily distinguishable from this by reason of the fact that there, while Mr. Benedict was crossing the track, witnesses who saw him testified that, as he approached the crossing, he was driving at a speed of eight or ten miles per hour; that he never slackened his speed but kept right on, and after crossing through the line of box cars, drove immediately in front of the train without looking or taking any precaution for his safety. There was, therefore, no presumption in that case that he exercised due care, because the evidence there very clearly showed that he exercised no care whatever. In this case, there was no evidence at all tending to show that Mr. Smith did not use due care. At any rate, we are satisfied, that under all the circumstances of the case, there was sufficient evidence to go to the jury upon the question of the contributory negligence of Mr. Smith.

We are of the opinion, therefore, that the trial court did not err in denying the motions for a directed verdict and the motion for judgment *non obstante*.

The judgment must therefore be affirmed.

HOLCOMB, MITCHELL, MAIN, and TOLMAN, JJ., concur.