[No. 19041. Department One. May 25, 1925.]

FLORENCE JENSEN, *as Administratrix of the Estate of Elizabeth Couch, Deceased, Respondent,* v. R. W. CULBERT, *Appellant.*[1]

MUNICIPAL CORPORATIONS (380, 389)—USE OF STREETS—NEGLIGENCE —VIOLATION OF ORDINANCE—EVIDENCE—SUFFICIENCY. The evidence sustains findings of negligent driving of an automobile at a street intersection, running down a pedestrian on the crossing, where defendant admitted exceeding the speed limit, but for which the accident might have been avoided; and where his lights were not diffused as required by law, but for which he would have had an opportunity to see objects before they came directly in front of the car, and might have stopped or swerved the car.

SAME (383)—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. Contributory negligence of a pedestrian, struck down and killed by an automobile on a street crossing, cannot be presumed where it appears that deceased was struck fourteen or fifteen feet from the

[1]Reported in 236 Pac. 101.

sidewalk, and the automobile, approaching at night at an unlawful speed, must have been more than one hundred feet away before deceased started to cross the street.

DEATH (14, 37)—ACTIONS FOR WRONGFUL DEATH—RECOVERY. In an action for wrongful death of a mother, brought for the benefit of "children" of the deceased, under Rem. Comp. Stat., § 183, it is not excessive to award $1,500 to a married daughter who was living with deceased and supporting three minor children, they having combined their capital and services, the deceased contributing $30 per month and enabling the daughter to work out and earn $60 a month for the support of the family.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered May 26, 1924, in favor of the plaintiff, in an action for wrongful death, tried to the court. Affirmed.

*Graves, Kizer & Graves,* for appellant.
*Powell & Herman,* for respondent.

BRIDGES, J.—This is a personal injury suit.

During darkness, the defendant was driving his automobile westerly along Indiana street, in the city of Spokane. It is paved and is a busy thoroughfare. At the same time, plaintiff's intestate was crossing Indiana street in the line of the sidewalk on the westerly side of Stevens street, which intersects Indiana street at right angles. When deceased had reached a point about 14 or 15 feet from the northerly curb of Indiana street, she was struck by the front of defendant's automobile, and in a few minutes died from the injuries she received. Stevens street was unpaved. The time of the accident was about 5:30 or 6 o'clock in the afternoon of a day in the latter part of November, 1923. The deceased left surviving her Eleanor M. Feldman, age 34, Jane M. Grove, age 32, Florence Jensen, age 29, Joseph Couch, age 26, Edward Couch, age 19, Willa Wilgus, age 18, and Ellis Couch, age 13. Florence Jensen, a daughter, was appointed adminis-

tratrix of the estate of the deceased, and brought this action in her representative capacity for the benefit of the children of decedent. The case was tried by the court without a jury. Judgment was entered against the defendant in the sum of $1,500 for the benefit of Ellis Couch, and $1,500 for the benefit of Florence Jensen.

The appellant first contends that the evidence fails to show any actionable negligence on his part. There is very little dispute in the testimony. He was driving at the rate of from 15 to 20 miles an hour. His headlights were burning. He did not sound any horn or give any other warning of his approach to the street intersection in question. He was driving on the right-hand side of the street, but from 12 to 15 feet away from his right-hand curb. At the time of the injury, there was very little traffic on Indiana street. There were no street lights in the immediate vicinity of this intersection. He testified that, notwithstanding he was driving carefully and keeping a lookout in front of him, he did not see the deceased until she suddenly appeared out of the darkness in front of his car; that his seeing her and the automobile striking her were almost simultaneous; that as soon as he saw her he made every effort to stop his car, which he did within about fifteen feet.

An ordinance of the city of Spokane fixes the maximum speed between intersections of streets at 20 miles an hour, and a maximum speed at street intersections of 12 miles an hour. Another ordinance gives pedestrians the right of way at street intersections.

Appellant admits that he was driving at a speed in excess of that permitted by the city ordinance, but contends that that fact was not the proximate cause of the injury. We can hardly accept this view. If he had been driving within the city ordinances the de-

ceased might have cleared the path of the automobile and not been injured, or appellant might have been able to stop his car before hitting the deceased, or, at any rate, so slowed it down as to have struck her but a light blow.

But it seems to us that there is even clearer negligence on his part in other respects. Section 6334, Rem. Comp. Stat. [P. C. § 216], requires front lights on automobiles to be sufficient "to reveal objects at least 150 feet ahead thereof and 10 feet on either side of the center line of said vehicle, measured at a distance of 10 feet in front thereof." While it seems to be conceded that appellant's lights were hardly sufficient to comply with the provisions of this statute, they were sufficient that at a distance of 50 feet from the car the diffusion of light was about eight and one-half feet, and at 60 feet about nine and one-half feet, and at 75 feet about 12½ feet on each side of the center of the car. Of course, as the distance from the car increased, the diffusion of the lights also increased. When the deceased was struck she was some 14 or 15 feet out in the street from the curbing which she had left. It is plain from these facts that the deceased could not have stepped suddenly out of the darkness in front of the appellant's car. The wide sweep of his front lights would necessarily have revealed her to him considerably before she got in the line of the automobile. The very purpose of the statute in requiring front lights to be diffused is to give the driver an opportunity to see objects approaching from either side. Under these circumstances, appellant was bound to see deceased before she came directly in front of the car, and having seen her, he was bound to stop, give warning of his approach, or to swerve his car in an effort to avoid her.

It seems to us that the trial court was justified in finding that the appellant had been guilty of negligence.

Probably the more difficult question is appellant's contention that the deceased was guilty of contributory negligence. There is no testimony to the effect that the deceased, before stepping into the street from the sidewalk, did not look to her left for approaching vehicles. Contributory negligence is a matter of defense. We must, therefore, assume that she did what an ordinarily prudent person would have done, and that is, looked to the left for the approach of vehicles. The testimony shows, as we have stated, that the appellant was driving at the rate of from 15 to 20 miles an hour, and it is fair to presume that the deceased (who was 52 years of age and somewhat fleshy) was walking at the rate of about two miles per hour. In other words, the appellant was driving some eight or nine times as fast as the deceased was walking. She was injured when she was 14 or 15 feet out from the sidewalk. Under these circumstances, when the deceased looked for approaching automobiles before she left the sidewalk and stepped into the street, appellant's automobile must have been more than 100 feet west of the crossing upon which she was walking. We all know that it is difficult for any person to judge by the lights the speed or the distance away of an approaching object. Since there is nothing to show to the contrary, we must assume that the deceased not only saw appellant's automobile approaching, but believed she was safe in undertaking to cross the street ahead of it. Under the circumstances shown, we cannot say that she was guilty of negligence; particularly so when the law gave her the right of way.

Appellant cites in support of his view, among other cases, *Skinner v. Tacoma R. & Power Co.*, 46 Wash.

122, 89 Pac. 488; *Helliesen v. Seattle Electric Co.,* 56 Wash. 278, 105 Pac. 458; *Fluhart v. Seattle Electric Co.,* 65 Wash. 291, 118 Pac. 51; and *Shanley v. Hadfield,* 124 Wash. 192, 213 Pac. 932. We think there is a wide difference between the facts of this case and those of the cases cited. In the *Skinner* case, the person injured stepped in front of a lighted street car when it was about 10 feet from him. In the *Helliesen* case, the plaintiff testified that, before stepping off the sidewalk, she looked for approaching street cars and saw none, although one fully lighted was not more than 40 feet away from her and rapidly approaching. The other cases cited are of a similar nature. We have often held that one who steps at night from a sidewalk almost immediately in front of an approaching street car or automobile is guilty of contributory negligence, but we have not so held when the car or automobile was a hundred feet away.

For the reasons given, we agree with the finding of the trial court "that the said Elizabeth Couch was not guilty of any negligence or carelessness which proximately contributed to or caused her death."

Appellant next contends that the allowance to Florence Jensen of $1,500 was without justification and, in any event, was excessive. The facts in this respect are these: Mrs. Couch was a widow and had living with her her minor son, Ellis. Mrs. Jensen had been twice married and had three minor children. She and her second husband had not lived together for more than five years immediately preceding her mother's death. She had nothing on which to live except such moneys as she earned. She and her mother combined their capital and services and lived together. The mother contributed $30 a month (that being all of the cash she had) and her services. She did most of the housework and looked after Mrs. Jensen's three chil-

dren. With this arrangement, Mrs. Jensen was able to work out and earn about $60 a month. This she turned into the common fund.

It is first contended that Mrs. Jensen is not entitled to recover anything because she was not dependent upon her mother. This action is maintained by virtue of §§ 1 and 2, ch. 123, Laws of 1917, p. 495. [Rem. Comp. Stat., § 183 *et seq.*] Section 1 authorizes the personal representative to bring an action on account of death. Section 2 provides that

"Every such action shall be for the benefit of the wife, husband, child or children of the person whose death shall have been so caused. If there be no wife or husband or child or children, such action may be maintained for the benefit of the parents, sisters or minor brothers, who may be dependent upon the deceased person for support, . . ." [Rem. Comp. Stat., § 183-1.]

It will be seen that the action may be brought on behalf of two classes of persons; the first being the wife, husband or child, and the courts have held that their measure of recovery is their pecuniary loss. The second class are parents, sisters or minor brothers who are *dependent upon* deceased. Mrs. Jensen is of the first class. It has generally been held that, under an act of this character, dependency is not a requisite for recovery by a child of the deceased, but that it may recover its pecuniary loss regardless of dependency. We so held in *Castner v. Tacoma Gas & Fuel Co.,* 123 Wash. 236, 212 Pac. 283. There we said that our act was almost identical with the Federal employees' liability act and quoted from a decision of the supreme court of the United States construing that act, as follows:

" 'In a series of cases lately decided by this court, the act in this aspect has been construed as intended only to compensate the surviving relatives of such a

deceased employee for the actual pecuniary loss resulting to the particular person or persons for whose benefit an action is given.' "

That Mrs. Jensen suffered a pecuniary loss in the death of her mother, we think there can be no question. Nor, in our judgment, was the award to her excessive. As long as her mother lived, looked after the children and did the housework, Mrs. Jensen might work out and earn a living. Upon the death of Mrs. Couch it was necessary for Mrs. Jensen to readjust her manner of living and either cease working out or hire some person to look after her family.

We think the trial court was right. The judgment is affirmed.

TOLMAN, C. J., PARKER, MAIN, and ASKREN, JJ., concur.