Holcomb, J.
 

 Two cases were consolidated by stipulation of counsel for trial purposes, the jury waived, and consolidated also for appeal purposes.
 

 The trial judge, after hearing the testimony of five witnesses in behalf of appellants and one upon the principal question of negligence on behalf of respondent, found no negligence on behalf of respondent and entered judgment in his favor in both causes.
 

 Conceding our rule to be that this court will not disturb the finding of the trial judge unless it clearly appears that the evidence preponderates against its findings
 
 (Miller v. Reeves,
 
 101 Wash. 642, 172 Pac. 815), yet appellants urge that this court will always do so if convinced that the trial court fell into
 
 *633
 
 error
 
 (Swift v. Starrett,
 
 117 Wash. 188, 200 Pac. 1108), and should do so here.
 

 It is insisted by appellants that the court erred in finding respondent not responsible for the injuries to appellants and each of them, and that the record amply discloses that the sole proximate cause of the accident was the negligence of respondent. The statement of facts has been thoroughly read and considered. The trial judge, upon the consent of both parties, visited the scene of the alleged accident and took that into consideration as well as the evidence.
 

 Briefly, the evidence shows that appellants were proceeding easterly from Anacortes to Mount Vernon on a paved highway composed of concrete, sixteen feet in width. At the junction of the La Conner and Anacortes roads, appellants waited for a truck owned and driven by respondent to enter the Mount Vernon road and followed that truck for some distance. The driver of appellants’ car, P. J. Byrne, then signaled in the lawful manner that he was about to pass the truck and. proceeded to do so on his side of the roadway. They testified that, upon receiving the signal, the truck swerved to the right-hand side of the road, but, just as appellants’ automobile was abreast of the truck, it swerved to the left side of the roadway to and against the automobile of appellants, striking it and forcing it from the pavement and into the ditch on the left-hand side of the road, where it collided with a telephone pole, causing the injuries to appellants described in their complaints and testified to at the trial. They testified that the truck did not pause, but continued on its way to Mount Vernon. Appellants were assisted by people in another car nearby and taken to Mount Vernon for interurban carriage to Bellingham, their home. Before reaching Mount Vernon, they overtook and identified the truck and took its license number.
 

 
 *634
 
 Bespondent frankly admitted that he was traveling along the road in question about the time the accident is alleged to have happened; but testified that he heard no impact and did not swerve his car suddenly to the left, and that the alleged collision was a matter of which he was totally unaware at that time. The trial court desired to visit the scene of the accident because of the fact that respondent candidly testified that, although he always drove on the right-hand side of the paved road, sometimes, when there was a hole or defect in the pavement, he swerved to the left in order to avoid it. The trial court, therefore, visited the scene for the purpose of ascertaining whether the paved portion at that place was smooth and unbroken, and found upon his view that it was smooth and unbroken and that there was a dirt or gravel shoulder over at the left-hand side of the pavement four feet in width, practically level with the pavement.
 

 Although there is a preponderant number of witnesses in favor of appellants and against respondent, this is one of those cases where the trial court was in a position to judge of the credibility of the witnesses testifying before it much better than are we. We are unable to say that the evidence which was credible to the mind of the trial court has been overcome by a preponderance of the evidence.
 

 The judgment is therefore affirmed.
 

 Mitchell, O. J., Fullerton, Main, and Millard, JJ-., concur.