[No. 23314. Department One. February 23, 1932.]

JOSEPH H. DeROSIER *et al.*, *Respondents*, v. STANDARD OIL COMPANY OF CALIFORNIA, *Appellant.*[1]

*Roberts, Skeel & Holman* and *Frank Hunter,* for appellant.

*Trefethen & Porterfield,* for respondents.

HERMAN, J.—Plaintiffs brought suit to recover damages resulting from a collision which occurred in the intersection of Broad street and First avenue, in the city of Seattle, when plaintiff Joseph H. DeRosier drove his motorcycle and side car, in which his wife, plaintiff Josephine DeRosier, was riding, into the right rear wheel of an oil truck belonging to defendant. Plaintiffs alleged four causes of action, predicated upon damages by reason of personal injuries to Josephine DeRosier, personal injuries to Joseph H. DeRosier, demolition of the motorcycle and side car,

[1]Reported in 8 P. (2d) 296.

and expenses incurred by plaintiffs in employing sub-
stitutes made necessary by their inability, because of
such personal injuries, to attend to their business.

The cause came on for trial before the court with-
out a jury, and resulted in judgment for plaintiffs on
each of the four causes of action. From that judg-
ment defendant appeals.

Appellant makes five assignments of error, in sup-
port of which it sets forth the following contentions:
First, that appellant's truck driver was not negligent;
second, that respondents were guilty of contributory
negligence; third, that the judgment was excessive on
three of the four causes of action, and so excessive on
the first two as to indicate passion and prejudice on
the part of the trial judge; and fourth, a new trial
should have been granted on the ground of newly dis-
covered evidence.

With reference to appellant's first two contentions,
the trial court's findings may be summarized as fol-
lows: At about 8:30 a. m., August 11, 1930, respond-
ent Joseph H. DeRosier was driving his motorcycle
in a southerly direction on First avenue. Respondent
Josephine DeRosier was riding in the side car. Re-
spondents were traveling in a careful manner behind
a street car, which was also proceeding south on First
avenue. Upon reaching the intersection of First
avenue and Broad street, the street car stopped to take
on passengers. Respondents stopped with it, just be-
hind and slightly to its right.

After the street car had completed loading pas-
sengers, it proceeded to cross Broad street and, when
about half way across, it suddenly stopped. At the
time the street car started across Broad street, re-
spondents also started, and, as the car proceeded to
cross the intersection, respondents were riding along-

side it in a prudent manner slightly behind the front end of the street car, thus being unable to observe traffic to the left. The street car had the right of way as against traffic coming from the left. The operator of the street car, whose testimony was not available on account of his death prior to the trial, acted as a prudent person, and had the right to assume that the traffic to the left would concede the right of way. Respondents also acted as reasonable and prudent people, exercising reasonable care.

At the same time, an employee of appellant was driving a large gasoline truck west on Broad street, which street east of First avenue has a down grade of about six per cent toward the west. Appellant's driver was recklessly driving at an unlawful rate of speed in excess of twenty miles per hour, and proceeded to drive into the intersection without slackening his speed, although another vehicle to the right, also traveling west on Broad street, had already stopped at the intersection to permit the passing of the south bound street car which was then crossing the intersection.

Appellant's driver proceeded to cross the intersection, although the street car had entered the intersection first and was on the right. The driver of appellant's truck did not apply the brakes, but attempted to beat the street car across the intersection. The brakes of the street car were applied suddenly, just in time to avoid a collision. The truck proceeded across in front of the street car, traveling near the middle and slightly to the left of the center of Broad street. The street car was stopped with its front end at about the middle of the intersection; the truck swerved in front of it, traveling at an excessive rate of speed, missing it by about three feet.

As soon as the street car began to stop, respondent Joseph H. DeRosier threw out the clutch on his motor-

cycle and applied the brakes. The motorcycle had two wheel brakes, in good condition. Although he applied the brakes and, after he had the first opportunity to observe the truck, veered to the left as much as possible, swerving around the front of the street car and at an angle toward him, he was unable to stop in time, and a collision occurred between respondent's motorcycle and appellant's truck, the impact taking place at the right rear wheel of the truck. No warning was sounded by the truck; respondents had no time to sound a warning after the peril became apparent.

As the street car entered the intersection and neared the center thereof, respondents had no reason to anticipate the reckless and unlawful actions of appellant's driver. They assumed, and had the right to assume, that traffic coming from the left had conceded the right of way, and they had no notice to the contrary until it was too late to avoid a collision by an application of the brakes.

The conduct of appellant's driver indicated he did not anticipate the presence of vehicles on the other side of the street car, and he sounded no warning and apparently made no effort to stop until after he had crossed the intersection. Respondent Joseph H. DeRosier did all that was possible to attempt to escape the position of peril in which respondents had been put by the negligence and recklessness of appellant's driver, and to lessen the peril when a collision appeared imminent.

The collision was the direct result of the negligence and recklessness of appellant's driver in entering the intersection without slackening his speed, despite the evident action of the traffic at that point, in failing to yield the right of way to vehicles coming from the right, in traveling to the left of the center of the

street, and in suddenly crossing in front of the street car without warning, although the street car and respondents' motorcycle had entered the intersection first and from the right.

Appellant's version of the accident is that respondents were speeding down First avenue; that they did not wish to be delayed while the street car, which was ahead of them, stopped at Broad street, and were endeavoring to and did pass it just when or just before it came to a standstill. Appellant maintained that respondents did not see appellant's truck, which was already well into the intersection, until they cleared the front end of the street car just at the property line on the south side of Broad street. Appellant contends there was no excessive speed on the part of the truck, and that it had practically crossed the intersection at proper speed before the motorcycle dashed into the intersection at an unlawful rate of speed and passed a stopping street car without observing other traffic.

No good purpose will be served by discussing in detail the evidence of the various witnesses. Appellant's counsel introduced much testimony which tended to support its version of how the injuries were sustained. There was, however, ample testimony to justify the trial court's findings relative to the manner in which the accident occurred. The trial court had the opportunity of hearing and seeing the witnesses, and, as it does not appear that the evidence clearly preponderates against his findings relative to the cause of the accident, those findings will be accepted by this court.

The third contention of appellant is that the judgment was excessive on three of the four causes of action. The first cause of action was predicated upon injuries to respondent Josephine DeRosier. In support of the judgment on that cause of action, respond-

ents proved expenditures for medical treatment, hospital and ambulance service in the sum of $186.50. They also showed that Mrs. DeRosier's right heel was fractured, resulting in an injury which affected the normal action of her ankle. As a result of her injury, she was kept in the hospital for twelve days, and thereafter taken home, where she was confined to her bed or a wheel chair for about two months, suffering much pain and distress. It was necessary to keep her right foot and ankle in a cast for about six weeks after the operation at the hospital. Her left foot was bruised, her left knee was cut and bruised, her back caused her pain, and her left ankle was bruised and contused. Respondents introduced the testimony of a physician to the effect that, by reason of the damage to her heel and ankle, she would be "more or less disabled for the rest of her life." Appellant introduced no testimony contradicting the evidence as to the extent of her injury.

However, notwithstanding the extent of her injuries, the trial court's award of $9,186.50 was excessive. In view of all the circumstances of the case, we feel that the trial court erred in allowing respondents a judgment in the above sum for personal injuries suffered by respondent Josephine DeRosier. In our opinion, six thousand dollars will compensate respondents for her injuries.

Appellant contends that the trial court awarded excessive judgments on the second and fourth causes of action. The evidence does not clearly preponderate against those allowances, and we will not disturb them.

Finally, appellant asserts that a new trial should have been granted on the ground of newly discovered evidence. After reading the affidavits filed in support of the motion for a new trial, we cannot say

that the trial court abused its discretion in denying appellant's motion for a new trial.

"It has been repeatedly and consistently held in this state that it is not error to refuse to grant a new trial when the newly discovered evidence is merely cumulative and corroborative, and that the granting of a new trial upon the ground of newly discovered evidence, whether cumulative or not, is, from its nature, peculiarly within the discretion of the trial court, and the exercise of that discretion will not be disturbed except in cases of manifest abuse." *Molitor v. Blackwell Motor Co.*, 112 Wash. 279, 191 Pac. 1103.

The judgment on the first cause of action is modified, awarding respondents six thousand dollars; and on the second, third and fourth causes of action, the judgment is affirmed.

Tolman, C. J., Beeler, Parker, and Mitchell, JJ., concur.