[No. 23582. Department Two. March 23, 1932.]

W. G. MORRIS et al., *Appellants*, v. SHELL OIL COMPANY, *Respondent.*[1]

*Hanna & Gemmill,* for appellants.
*Hyland, Elvidge & Alvord,* for respondent.

HOLCOMB, J.—This case was brought by appellants to recover damages from respondents in the sum of six

[1]Reported in 9 P. (2d) 354.

hundred dollars, with interest, for alleged permanent injury to certain real property belonging to appellants, averred to have been caused by the wrongful and unlawful acts of agents and employees of respondent. After issue was joined, the case was tried to the court without a jury. The court made findings of fact in favor of respondent, and in conformity therewith dismissed the action.

There is but slight dispute as to most of the facts in the case. For some time prior to the fall of 1929, appellants had been owners in fee of the real property alleged to have been damaged, in the town of Chelan. In the fall of 1929, they built on the property in question a service station and certain outbuildings. The exterior finish of the main building, including gables of the driveway, was what is known as glass-magnasite stucco. In the summer of 1929, appellants, by an unacknowledged lease, let the premises in question to two partners named Wagner and Higley. They took possession of the premises and operated them as a service station, handling Shell oil products. In December, 1929, respondent, through its agent and employees, entered upon the premises by and with the written request and permission of Higley, one of the partners, and painted the exterior of the building with its distinctive advertising colors, red and yellow. Appellants, being absent at the time, had no knowledge of the painting until some time in July or August, 1930.

The trial court made findings in accordance with the foregoing statement and, among other things, found that the painting was done in a good, workmanlike manner, with proper material, and did not cause the building or its surface any damage, except that the surface appearance thereof was altered and changed, and thus damaged; that, in so doing, respondent did not trespass upon the property of appellants.

Appellants state that it is their theory that the injury complained of constituted a damage to their reversionary interest in the property; that the painting of the exterior of the building permanently damaged the appearance thereof.

The finding of the trial court must be sustained, unless the evidence in the case clearly preponderates against it, which it does not.

Although the findings of the trial court intimate that the painting of the building by respondent with its distinctive advertising colors, although not otherwise damaging the building, altered its surface appearance so as to constitute some damage, it refused to find that there was any permanent damage to the building.

In order to constitute a permanent damage or a damage to the freehold or reversionary interest in real estate, there must be some substantial damage shown. In other words, it must be more than mere nominal damages. We agree with an observation made by the trial court, to the effect that appellants had a finish on the building that pleased them, and it did not need painting. The painting, however, done as the trial court found it was done, although it may have offended the aesthetic sense of appellants as to colors, cannot be said, as a matter of law, to be a permanent injury to the freehold, or reversionary interest.

This being principally a question of fact, and the evidence not preponderating against the findings, they and the judgment must be, and are, affirmed.

TOLMAN, C. J., MAIN, BEALS, and MILLARD, JJ., concur.