[No. 23717. *En Banc.* February 24, 1933.]

ADA SMITH, *as Administratrix, Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1]Reported in 19 P. (2d) 652.

*A. C. Van Soelen* and *C. C. McCullough,* for appellant.

*Wilbur Zundel,* for respondent.

HOLCOMB, J.—This action was brought to recover damages for the death of respondent's decedent.

In her complaint, respondent charges negligence against appellant, in that it carelessly and negligently operated its street car at the time and place of the accident at a high and excessive rate of speed, to-wit: from thirty-five to forty miles per hour; in operating its street car into and across the intersection without sounding any gong or signal or giving any warning of any kind, and without keeping a vigilant lookout ahead; that it saw, or in the exercise of ordinary care and caution should have seen, decedent as he was crossing the intersection, and by the exercise of ordinary care could have avoided the collision, but carelessly and negligently failed to do so.

In its answer, appellant denies it was negligent, and alleges affirmatively that the accident was caused by the carelessness and negligence of the deceased. This was put in issue by respondent in her reply.

Appellant introduced no evidence, and at the close of the case of respondent challenged the legal sufficiency of the evidence and moved for a dismissal with prejudice and for a nonsuit upon the ground of contributory negligence.

This motion was granted by the trial court for reasons given in detail. Thereupon, respondent moved for a new trial, which was granted on the ground that the court had erred in granting the nonsuit.

The evidence on behalf of respondent may be summarized as follows:

Appellant operates, in its proprietary capacity, as a part of its street railway system, a double track street railway on west Forty-seventh street, which runs east and west. Fourteenth avenue N. W. intersects west Forty-seventh street at right angles. There are no car tracks on Fourteenth avenue N. W.

The accident occurred at about eight o'clock p. m., March 23, 1928. Decedent drove his Ford truck on Fourteenth avenue N. W. at a speed estimated at ten to fifteen miles per hour. The head lights on his truck were burning. He stopped at Leary avenue, one block north of west Forty-seventh street. The view from the northeast corner of Fourteenth avenue N. W and west Forty-seventh street is open for two hundred twenty-five feet along west Forty-seventh street and for a block along Fourteenth avenue N. W., the view to the southeast approaching west Forty-seventh street from the north on Fourteenth avenue N. W., thus being open and unobstructed. A passenger on the street car saw the truck approaching from the right from a point about two hundred fifty feet away. The truck driven by decedent was south bound and the street car was west bound. The lights were burning on the street car, and it was making a great deal of noise, being heard by witnesses two blocks away, and sounded as if it were going faster than usual. There was nothing to prevent decedent from seeing the street car. The motorman did not see the truck before the accident.

The street car was traveling at a speed estimated at about thirty to thirty-five miles per hour; for three

blocks, the motorman was talking and joking with a woman on the front end and had made no stop for two or three blocks. The motorman never slackened speed prior to the accident, was not looking where he was going, and did not see the truck until the moment of the collision.

The truck was fifty feet from the intersection when the street car was two hundred fifty feet therefrom. It was a dark night, and the curtains on the front end of the street car were not pulled down. The street car traveled from fifty to sixty feet after the impact. The street car was approaching the intersection upon which decedent was traveling in his truck from his left, and the truck was approaching the street car from its right.

Rem. Rev. Stat., § 6362-41, provides:

"Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not . . ."

Seattle Traffic Ordinance, No. 53223, provides:

"Street Railway cars shall be entitled to the track and to the right-of-way thereon at all times," with exceptions not necessary to be noted.

The contention of appellant is that the trial court was right in its first decision, and erred in setting it aside and granting a new trial.

■    This is a case in which the presumption must be indulged that decedent used due care, since there is no evidence to the contrary. *Jensen v. Culbert,* 134 Wash. 599, 236 Pac. 101; *Romano v. Short Line Stage Co.,* 142 Wash. 419, 253 Pac. 657; *Mattingley v. Oregon-Washington Railroad & Navigation Co.,* 153 Wash. 514, 280 Pac. 46; *Eaton v. Hewitt,* 171 Wash. 260, 17 P. (2d) 906.

*MacDonald v. Seattle,* 126 Wash. 1, 217 Pac. 39, is not apposite, because there the injured person was not killed, and there was a conflict in the evidence. Here, there is not.

■■ The case of *Palmer Investment Corp. v. Seattle,* 161 Wash. 460, 297 Pac. 783, also relied upon by appellant, where we applied the rule as to the right of vehicles approaching an intersection and each other, the street car from the right and the truck from the left, as decided in *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533, and held that it was error to instruct that the driver of the truck might drive upon the street car tracks in defiance of the right of way of the coming street car, under the ordinance, and place the whole duty of avoiding the collision upon the motorman, does not fit this case for the same reason; nor do *Strouse v. Smith,* 166 Wash. 643, 8 P. (2d) 411, and *De Rosier v. Standard Oil Co.,* 166 Wash. 670, 8 P. (2d) 296.

The right of way of street cars is not absolute, but only relative. Their operators must exercise reasonable care under the facts and circumstances existing. *Lung v. Washington Water Power Co.,* 144 Wash. 676, 258 Pac. 832.

The order granting a new trial was correct and is affirmed.

BEALS, C. J., TOLMAN, PARKER, MAIN, MITCHELL, BLAKE, and MILLARD, JJ., concur.