[No. 24434. Department Two. September 1, 1933.]

CAROLINE REINHART, *as Administratrix, Respondent,* v. OREGON-WASHINGTON RAILROAD & NAVIGATION COMPANY *et al., Appellants.*[1]

[1]Reported in 24 P. (2d) 615.

*Hayden, Merritt, Summers & Bucey,* for appellants.

*Henry T. Ivers* and *Stephen V. Carey,* for respondent.

MAIN, J.—This action was brought to recover damages for wrongful death. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $8,988. The defendants made no motion for a new trial, but moved for a judgment notwithstanding the verdict, which was overruled. Judgment was entered upon the verdict, and the defendants appeal.

The facts may be summarized as follows: The respondent is the administratrix of the estate of Leo Reinhart, deceased, and the action is brought in a representative capacity for her own benefit as widow and for the benefit of two minor children. The appellants are a railroad company and an engineer and fireman upon one of its trains. The accident which gave rise to the action occurred July 7, 1931, at about five o'clock p. m., near Renton Junction, in King county, where the highway makes a surface crossing over the railroad track on which the appellant railroad company operates trains. The highway extends east and west, and the railroad track north and south. The railroad track is on an elevation above the surrounding land, and, in approaching the track, there is an upgrade of approximately six per cent. On this approach the roadway had a gravel surface, which was rough.

One William Callahan was proceeding east on the highway driving an automobile truck, to which was attached a trailer. The truck had a cab, on either side of which there were doors with glass in them. The floor of the truck was about three feet above the roadway, and outside of the door there was a step or running board. At the time of the accident, the glass in the doors was down. The truck was approximately fifteen feet long, and the trailer about fifty; the latter being loaded with four automobiles. While the truck and trailer were crossing the track, a train, owned by the railroad company and operated by the engineer and fireman who are parties to the action, approached from the south. The train struck the trailer approximately twenty feet from the rear end thereof. Leo Reinhart was killed.

Upon the question of whether the truck stopped before it crossed the track, the speed of the train and the distance in which it could be stopped, the evidence is conflicting. Callahan testified that, as he approached the track and when a few feet therefrom, he stopped, looked to the left, looked to the right where he could see a distance of from 1100 to 1300 feet, again looked to the left, put the truck in the lowest gear, and started across. In that gear, the truck could attain a speed of only about three miles per hour. When the rear wheels of the truck had crossed over the second rail of the track, Callahan saw the train approaching from the south a distance of approximately three hundred feet away. He immediately "stepped on the gas and tried to get out of the way." Callahan was on the left-hand side in the cab, and Leo Reinhart was riding with him on the right-hand side, or the side on which the train was approaching. There is no evidence that Reinhart did anything, and to the question propounded

to Callahan, on cross-examination, as to what Reinhart said, an objection was sustained.

The appellants make four contentions: (a) That there was no evidence of negligence to take the case to the jury; (b) that Callahan and Reinhart were engaged in a joint adventure, and that Callahan's negligence ·would be imputed; (c) that the presumption of due care that arose by reason of the fact of Reinhart's death was overcome; and (d) that, as a matter of law, Reinhart was guilty of contributory negligence.

The appellants close their reply brief with this paragraph:

"We are willing that this case be decided on the question whether or not the evidence shows deceased was guilty of contributory negligence as matter of law, where respondent relied solely upon the presumption of due care, and refused to produce available evidence on the question; and the uncontroverted evidence shows that deceased knew or was bound to know the train was approaching and could at any time have saved himself, with hardly an effort, but did absolutely nothing to try to do so."

From this statement, it would appear that the appellants are relying principally upon their third and fourth contentions, and only incidentally upon the first and second.

As to the question of negligence, the evidence produced by the respective parties presented unmistakably a question of fact for the jury.

As to the claim of joint adventure, we find no evidence which would sustain such a relation. Since these questions do not appear to be greatly relied upon, we have passed them somewhat summarily. Under the facts and the law, it cannot be said that, as a matter of law, there was no negligence, or that Callahan's negligence, if he was negligent, was imputed to Reinhart.

We now come to the third contention, or that the presumption of due care on Reinhart's part had been overcome. When there is no evidence to the contrary, there is a presumption that one killed in an accident was at the time in the exercise of due care. *Smith v. Seattle,* 172 Wash. 66, 19 P. (2d) 652. This presumption is not evidence, but will serve in the place of evidence until *prima facie* evidence has been introduced by the opposite party. *Scarpelli v. Washington Water Power Co.,* 63 Wash. 18, 114 Pac. 870; *Anning v. Rothschild & Co.,* 130 Wash. 232, 226 Pac. 1013.

The presumption of due care may be overcome by the direct testimony of disinterested witnesses, but it is not overcome by the testimony of interested witnesses, or from inferences that may be drawn from circumstantial facts. *Gillett v. Michigan United Traction Co.,* 205 Mich. 410, 171 N. W. 536; *Mattingley v. Oregon-Wash. R. & Nav. Co.,* 153 Wash. 514, 280 Pac. 46; *Steiner v. Royal Blue Cab Co.,* 172 Wash. 396, 20 P. (2d) 39.

Even though Reinhart did nothing and said nothing, if he did not say anything, the presumption, as a matter of law, would not be overcome under the facts of this case, and the question is usually one for the jury. *Carpenter v. Atchison etc. Ry. Co.,* 51 Cal. App. 60, 195 Pac. 1073; *Young v. Railroad Co.,* 96 W. Va. 534, 123 S. E. 433.

The train struck the trailer about forty feet back of the cab where Reinhart was sitting, and, being almost in front of the train, he was not in a position to estimate its speed. He might well have believed that, since the driver of the truck was making every effort to get out of the way, the trailer would clear before the train reached it. It does not appear that anything that he could have said or done would have assisted

the driver in getting out of the way. The *prima facie* case was not overcome as a matter of law, and the question was one for the jury.

The fourth and last contention is that Reinhart was guilty of contributory negligence, as a matter of law. Contributory negligence is an affirmative defense, and the burden is upon the party alleging such negligence to establish it. Where the evidence is silent on the question, due care is presumed. *Norman v. Bellingham,* 46 Wash. 205, 89 Pac. 559; *Smith v. Inland Empire R. Co.,* 114 Wash. 441, 195 Pac. 236.

The charge of contributory negligence appears to be based on the fact that Reinhart, after he saw or should have seen the approaching train, with a collision imminent, should have gotten out of the car and thus avoided injury. Here, again, he had a right to take into consideration the same facts, above suggested, with reference to his exercise of due care, such as lack of knowledge of the speed of the train, the effort that the driver of the truck was making to clear the track and the further fact that the roadway was rough and bumpy. The fact that Reinhart did not attempt to get out of the truck, if such be the fact, did not make him guilty of contributory negligence, as a matter of law. He had a right to rely upon the driver of the truck to extricate it from its dangerous position and upon those on the train observing the situation in time to avoid a collision. *Unger v. San Francisco-Oakland Rys.,* 61 Cal. App. 125, 214 Pac. 510. Whether Reinhart was guilty of contributory negligence was a question of fact for the jury.

The judgment will be affirmed.

BEALS, C. J., TOLMAN, STEINERT, and BLAKE, JJ., concur.