[No. 24733. Department Two. December 12, 1933.]

HULDA J. CARLSON, *as Administratrix, Appellant,* v. THE CITY OF SEATTLE, *Respondent.*[1]

[1]Reported in 27 P. (2d) 717.

*Ray M. Wardall* and *John J. Kennett,* for appellant.
*A. C. Van Soelen* and *E. I. Jones,* for respondent.

HOLCOMB, J.—This action was brought by appellant, as administratrix of Andrew P. Carlson, deceased, to recover damages for his alleged wrongful death. Carlson was killed December 7, 1931, about 6:50 a. m., on a dark and cloudy morning, by a street car owned and operated by respondent. The case was tried in the lower court without a jury. The trial court found that decedent was guilty of contributory negligence, entered a judgment dismissing the action, and from that judgment comes this appeal.

On the morning of his death, Carlson was traveling south on 14th avenue N. W., towards the place where he had been employed for many years and over his usual daily route. He was driving a light Chevrolet sedan, which was in good condition and could easily have been stopped at the rate of speed at which he was traveling, almost instantly. He was sixty-eight years of age, with no impairment of sight or hearing, and there was no obstruction in his car to obscure his vision. The street car of respondent was traveling west on Ballard way with all its lights burning within the car. There was a dispute between the motorman and two witnesses who testified as to condition of the lights of the street car, as to whether the head light on the street car was then burning, and the trial court refused to find that it was; but there was no dispute that, for almost a block before the collision, the street car was in full view of decedent and the inside lights were burning.

390

Appellant insists that the presumption of due care on the part of decedent must apply, as it is compulsory here, upon undisputed testimony.

There were two eye witnesses, besides the motorman, to this regrettable accident. Both were apparently disinterested. One, named Erskine, testified from his sick bed that, on the morning in question, he was traveling southward on 14th avenue, N. W., to go to his work. He said that, when he first noticed the automobile that was in the collision with the street car, it was at Leary way, one block up 14th avenue, N. W., from Ballard way, Leary way being an arterial highway and has a stop sign; that he saw a car stop there which afterwards proved to be the Carlson car, just ahead of Erskine in his automobile. After he left Leary way and proceeded on south, his speed was about fifteen miles per hour.

At first, Erskine had intended to pass the Carlson car, but after crossing Leary way and proceeding towards Ballard way, Erskine saw the street car coming about the middle of that block. Erskine then decided not to pass the Carlson car because of seeing the lights of the street car. He did not see any headlight, but he saw the lights within the body of the car. Carlson was then driving about two or three automobile car lengths ahead of Erskine, he did not hear any gong or any kind of signal sounded by the street car, but the reason he did not hear anything was because there was a terrible wind that morning and he was in an open car, the curtains of which were snapping and rattling so that it was impossible to hear anything.

He stated that, when he was about ninety feet north of the point of collision, the street car was approximately 145 feet east of that point. Erskine also testified that, although, when he saw the street car, he slowed up, Carlson kept going right on at the same

speed, as far as the witness could see, until he struck the street car tracks. He also said that the street car was going between fifteen and eighteen miles an hour; that it was going about the same rate of speed as the automobile, or, possibly, a little faster.

Erskine testified that Carlson proceeded on his course and ran into the right front corner of the street car a few feet back of the entrance doors, with the front end of his automobile, when the street car was more than half way across the intersection. The left end of the bumper of Carlson's car became fastened to a rod carried at the side and underneath the street car, for use on occasion of derailments, so that the automobile was swung against the side of the street car and pulled parallel with it, for a distance of sixty feet, when the street car came to a stop. In some manner, the left front door of the automobile opened and Carlson fell under the street car, was not run over, but was dead when found.

Another eye witness, named Spellman, was standing at a corner of the same intersection waiting to take the street car east bound. His testimony was in conflict with that of Erskine in some particulars, and the trial court, stating that Erskine was the more reliable and credible witness, accepted his version as to how the accident happened.

The trial court declared that, had decedent looked and taken the care which an ordinarily careful and prudent person would have taken under the circumstances, he would have been able to see the street car, and since there were two persons other than Carlson who did see the street car, one of whom was in an automobile, and acted accordingly, he was compelled to conclude that decedent was guilty of contributory negligence, barring any recovery.

This is not a case where the presumption of

due care on the part of decedent must be conclusively presumed. There is competent and credible testimony here as to what decedent did, or did not do. Nor is this a case such as many cases cited by appellant where there was no contradiction in the evidence. *Smith v. Seattle,* 172 Wash. 66, 19 P. (2d) 652, and cases there cited.

We have said that such a presumption is not evidence, but will serve in the place of evidence until *prima facie* evidence has been introduced by the opposite party. *Reinhart v. Oregon-Washington Railroad & Navigation Co.,* 174 Wash. 320, 24 P. (2d) 615, and cases cited. It is not essential, however, that such testimony be introduced by the opposite party, if it appears in the case as a whole.

The following cases, *Jensen v. Culbert,* 134 Wash. 599, 236 Pac. 101; *Romano v. Short Line Stage Co.,* 142 Wash. 419, 253 Pac. 657; *Mattingly v. Oregon-Washington Railroad & Navigation Co.,* 153 Wash. 514, 280 Pac. 46; the *Smith* and *Reinhart* cases, *supra,* were all upon widely different facts and circumstances than the instant case, and are not apt. This case is, to some extent, comparable to that of *Hoopman v. Seattle,* 122 Wash. 379, 210 Pac. 783.

Here, if the testimony of Erskine is credible, as the trial court believed, Carlson must have been wholly inattentive to the exigent situation at hand. We cannot disturb the findings of the trial court unless the evidence clearly preponderates against it. Here we cannot find it does so. *Byrne v. Paulson,* 156 Wash. 634, 287 Pac. 891; *Morris v. Shell Oil Co.,* 167 Wash. 331, 9 P. (2d) 354; *Puget Sound National Bank of Tacoma v. Olsen,* 174 Wash. 200, 24 P. (2d) 613.

Appellant further contends that the automobile of decedent approaching from the right had the right of way over the street car, and that the motor vehicle

act of 1927 replaces § 54 of ordinance 53233 of Seattle, which reads:

"Street railway cars shall be entitled to the track and to the right-of-way thereon at all times, except as to priority of the fire department, vehicles of the police department, vehicles carrying United States mail, ambulances, and repair vehicles of public service companies and of the city of Seattle in responding to emergency calls."

It is argued that, prior to 1927, the statute, Rem. Comp. Stat., § 6340, subd. 6, had read:

"Drivers, when approaching highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point; Provided, however, that street and interurban cars and emergency vehicles shall have the right of way at all times at such highway intersections."

Rem. Rev. Stat., § 6362-41, subd. 14, enacted in 1927, reads:

"Drivers, when approaching public highway intersections, shall look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicles first enter and reach the intersection or not: Provided, this paragraph shall not apply to drivers on arterial highways."

It is asserted by appellant that, in 1927, the legislature eliminated the special right of way theretofore given to street cars, and that the section of the Seattle ordinance, above quoted, must give way to it.

The act of 1927, Rem. Rev. Stat., § 6362-2, also enacts the following definitions:

"(a) 'Vehicle.' Every device in, upon or by which any person or property is or may be transported or drawn upon a public highway excepting devices moved by muscular power or used exclusively upon stationary rails or tracks.

"(b) 'Motor Vehicle.' Every vehicle, as herein defined, which is self-propelled."

We cannot give our assent to these contentions of appellant. The 1927 act was certainly never intended to apply to railway or street car tracks, nor to prohibit reasonable traffic regulations by cities and towns, except when expressly forbidden, or plainly conflicting with any state traffic law.

Under a similar statute in Iowa, the supreme court of that state, in *Baker v. Des Moines City Ry. Co.,* 199 Ia. 1256, 202 N. W. 762, after quoting an almost identical statute relative to rights of way of vehicles on any public street or highway approaching the other from the right, and the statute defining motor vehicles, said:

"We deem it clear that the statute relied upon by appellant has no reference or application to a street car or to a railway train. While it is broadly true that all users of streets, whether pedestrian or vehicle, have an equal right to the use thereof, and that this includes the street car, yet the rights of each must be exercised with due regard to the rights and safety of others. As between vehicles, the lighter vehicle will presumptively yield the right of way to the vehicle which is confined to the rails, and which is usually the heavier and more unwieldy [citing cases]. The appellant cannot, therefore, predicate affirmative negligence merely upon the fact that the street car failed to yield to him his alleged right of way. He had no right of way."

We can see nothing in the regulations in § 54 of the Seattle traffic ordinance in conflict with the 1927 statute that invalidates such provisions of the ordinance.

We conclude that the findings and judgment must be affirmed. It is so ordered.

BEALS, C. J., TOLMAN, and GERAGHTY, JJ., concur.

BLAKE, J., concurs in the result.