[No. 24686. Department One. April 9, 1934.]

M. ELLEN PAUL et al., *Respondents,* v. AXEL ENQUIST, *Appellant.*[1]

*Lund & Lund,* for appellant.
*Marion Garland,* for respondents.

MITCHELL, J.—This action was brought by the plaintiffs to recover judgment for the reasonable value of a dog killed by the alleged negligence of the defendant, Axel Enquist. The substance of the complaint was

[1]Reported in 31 P. (2d) 96.

that the defendant drove his automobile into and through the yard of plaintiffs' private residence in a reckless and negligent manner, and, in doing so, killed one of their dogs, of the reasonable value of $350. The answer consisted of a general denial.

The case was tried without a jury. The decision was in favor of plaintiffs, upon which a judgment in the sum of three hundred dollars was entered against the defendant. The defendant has appealed.

The first assignment on the appeal is that the court erred in finding that the dog was killed by appellant's negligence.

The finding of the court upon this subject was that:

"Axel Enquist drove his automobile in a careless and negligent manner and at a fast rate of speed into and onto the premises of the plaintiffs in Kitsap county, Washington, driving his car automobile through their yard, which is not a public thoroughfare, and that while driving his said car through their yard in said careless and negligent manner he ran over and killed the plaintiff's dog which was a pedigreed female cocker spaniel dog with pups. That it was in the day-time and said dog was in plain sight and the said defendant did, or should have seen said female dog in ample time to have avoided striking and killing her; that the striking and killing of said female cocker spaniel dog was caused by and through the carelessness and negligence of said defendant."

The evidence on behalf of the respondents in support of the finding of negligence against the appellant, while not without some dispute, clearly preponderates in favor of the finding.

Next, it is assigned that the court erred in allowing excessive damages. Upon this issue of fact also there was a conflict in the evidence; but we think the overwhelming weight of it sustains and supports the finding.

Finally, it is claimed that the court erred in de-

nying appellant's motion for a new trial. The motion mentions the several statutory grounds, including newly discovered evidence, and is supported by affidavits relating to the value of property of the kind destroyed. It is doubtful if the showing was of any substantial value as to the fact involved, but we cannot overturn the denial of the motion for a new trial in this case upon the affidavits presented, there being no showing that the trial court abused its discretion.

Both sides introduced evidence upon this issue at the trial, so that this assignment presents a situation such as that described in *DeRosier v. Standard Oil Co.,* 166 Wash. 670, 8 P. (2d) 296, wherein it was said:

" 'It has been repeatedly and consistently held in this state that it is not error to refuse to grant a new trial when the newly discovered evidence is merely cumulative and corroborative, and that the granting of a new trial upon the ground of newly discovered evidence, whether cumulative or not, is, from its nature, peculiarly within the discretion of the trial court, and the exercise of that discretion will not be disturbed except in cases of manifest abuse.' *Molitor v. Blackwell Motor Co.,* 112 Wash. 279, 191 Pac. 1103."

Judgment affirmed.

BEALS, C. J., MAIN, STEINERT, and MILLARD, JJ., concur.