[No. 25003.   Department One.   August 10, 1934.]

ADA SMITH, *as Administratrix, Respondent,* v. THE CITY OF SEATTLE, *Appellant.*[1]

[1]Reported in 35 P. (2d) 27.

*A. C. Van Soelen, C. C. McCullough,* and *John A. Logan,* for appellant.

*John J. Sullivan* and *Wilbur Zundel,* for respondent.

MAIN, J.—This action was brought by the plaintiff as administratrix of the estate of J. W. Smith, deceased, to recover for his wrongful death. The cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiff in the sum of $3,250. Motions for judgment notwithstanding the verdict and for a new trial were made, both of which were overruled. Judgment was entered upon the verdict, from which the defendant appeals.

The accident which gave rise to the cause of action happened at the intersection of 14th avenue N. W. and West 47th street, in the city of Seattle, at about the hour of eight p. m., March 23, 1928. West 47th street extends east and west, and 14th avenue N. W. north and south. At the intersection of the streets, there is an arc light which was burning at the time of the accident. Upon West 47th street, there are double street railway tracks which are a part of the street car system owned and operated by the appellant.

J. W. Smith, prior to the accident, was proceeding south on 14th avenue N. W., in a Ford automobile, at a speed of from ten to fifteen miles an hour. A street car operated by the appellant was proceeding west on 47th street. When the street car was crossing the intersection, it struck the automobile on the left side thereof, and carried it forty or fifty feet before the car was stopped. When the automobile was fifty or sixty feet from the intersection, the street car was approximately 250 feet away. The lights on the street car were burning, and there is direct evidence that the

lights on the automobile were likewise burning. J. W. Smith, the driver of the automobile, as a result of the collision, was killed, and the present action was brought for the benefit of his widow. The case was here upon a former appeal, 172 Wash. 66, 19 P. (2d) 652, and the facts will be found more fully stated in the opinion written upon that appeal.

The first assignment of error is that "the court erred in refusing to sustain appellant's challenge to the sufficiency of the evidence." This assignment presents the question as to whether there was sufficient evidence of the appellant's negligence to take the case to the jury. There have been two trials, and upon the first, at the conclusion of the plaintiff's evidence, a motion for nonsuit was sustained. Thereafter, the trial court granted a new trial, and the defendant appealed from that order. The question upon the first appeal was whether the evidence was sufficient to take the case to the jury. Upon that appeal, the order granting the new trial was sustained, and it was distinctly held that the question of the defendant's negligence was one for the jury. Upon the second trial, which resulted as above stated, the evidence offered by the respondent was substantially the same as that upon the first. It follows that the decision upon the first appeal is controlling, and the question upon the second trial of the appellant's negligence was for the jury.

The second assignment of error is that "the court erred in failing to decide as a matter of law that the negligence of deceased was the direct, proximate cause of the accident." The deceased, as stated, was proceeding south on 14th avenue N. W. at a speed of from ten to fifteen miles an hour. There was evidence that the lights upon the automobile were burning until it reached a point forty feet north of the intersection.

There is no evidence as to his movements or what he did thereafter, except the motorman testified that, when the street car was six feet in the intersection, the automobile attempted to cross in front. This testimony of the motorman is disputed by testimony that, immediately after the accident, the motorman stated to one or more witnesses that he did not see the automobile. Another witness, a passenger on the street car, who was standing near the motorman, testified that she did not see any lights on the automobile, and that she was in a position to see. This evidence was disputed by witnesses who testified positively that the lights on the automobile were burning.

There is a presumption that the deceased was in the exercise of due care, and this presumption is not overcome by the testimony of the motorman, which was disputed by other witnesses, even though it be assumed that he was not an interested witness, or the testimony of the passenger upon the street car, which was likewise disputed. Contributory negligence is an affirmative defense, and the burden was upon the appellant to establish that by a preponderance of the evidence. The question of contributory negligence was one of fact for the jury, and not one of law for the court.

The third assignment of error is "that the court erred in submitting to the jury instruction No. 21," which was to the effect that the presumption of due care was not evidence, but would serve in the place of evidence until *prima facie* evidence had been introduced by the opposite party, and that the presumption of due care would not be overcome by the testimony of interested witnesses or from inferences which might be drawn from circumstantial facts. That instruction was in exact accord with the rule stated in *Reinhart v. Oregon-Washington R. & N. Co.*, 174 Wash. 320, 24 P. (2d) 615. This appears to be recognized by the ap-

pellant, but it says that the instruction is not a correct statement of the law. The rule of the *Reinhart* case was not improvidently stated, but was written after due consideration. We think that the rule is a sound and just one, and it is adhered to.

The case of *Carlson v. Seattle,* 175 Wash. 388, 27 P. (2d) 717, was tried to the court without a jury, and the holding in that case has no application to the one now before us, which was tried to a jury. The difference between the functions of this court upon review, when a case has been tried to the court without a jury and when it has been tried to a jury, has been repeatedly stated. When the case is tried to the court without a jury, we review the facts; when it is tried to the jury, we only inquire whether there is substantial evidence to sustain the verdict.

The appellant's fourth and fifth assignments of error are covered by what has already been said.

The judgment will be affirmed.

BEALS, C. J., MITCHELL, MILLARD, and TOLMAN, JJ., concur.